162 So.2d 470

**Andrew D. CUMMINGS, pro ami,**

**v.**

**James Percie CALDWELL.**

**2 Div. 441.**

Supreme Court of Alabama.

March 26, 1964.

**376**

Prince, Jones, Fowler & Propst, Birmingham, for appellant.

Olin W. Zeanah and Jere L. Beasley, Tuscaloosa, and V. W. Elmore, Gordo, for appellee.

HARWOOD, Justice.

The plaintiff is a four year old boy who was injured while riding as a passenger in an automobile driven by his mother, Mrs. Annie Sue Cummings. He sued by his father as next friend.

The plaintiff's injuries resulted when the automobile driven by his mother collided head-on with an automobile driven by the defendant Caldwell.

All of the witnesses introduced by the plaintiff came to the scene of the accident after it had occurred, except of course Mrs. Cummings. However, Mrs. Cummings had received a head injury in the accident and had been rendered unconscious. She testified she had no recollection of the accident. She remembered giving a package to a sister-in-law sometime earlier during the morning on the day the accident happened, but could not remember why she was driving along the road at the time of the accident, and could testify to no facts whatsoever as to how it happened.

Among the witnesses testifying for the plaintiff were LaVern Huff, a policeman for the town of Aliceville, and J. C. Steen, a State Highway Trooper. These two men arrived at the scene of the collision shortly after its occurrence.

The tendencies of their testimony were that the Cummings' automobile was proceeding in an easterly direction, and the Caldwell automobile in a westerly direction on a graveled road in Pickens County. The two vehicles were locked front to front in a virtually head-on collision. Both were on the north side of the road, or in Caldwell's lane, and within one or two feet of the north side of the traveled portion of the road. Tracks leading from the rear of each vehicle indicated the two vehicles had so traveled for some distance before they collided.

Other than oil spots, and debris at the point of impact and the tracks of the two cars, no other physical evidence such as skid marks, etc., was found.

The road on which the collision occurred is a well packed gravel road, and extends straight for a considerable distance in both directions from the scene of the wreck. Steen, the State Trooper, testified that he measured the width of the road at the place of the accident and its driving portion was 21 feet.

Ronald Cummings, a witness for the plaintiff and an uncle of the plaintiff, testified that he visited the scene after the wreck, and before the cars had been removed. The only significant portion of his testimony was that if a center line of the road be imagined, it would have run so that two or three feet of the Cummings' automobile would have been north of this line, i. e., the Cummings' automobile would have

been two or three feet over into the north, or Caldwell side of the road.

Cummings also testified that he observed what he considered skid marks some four ·or five feet immediately back of the Cummings' car. Being shown a photograph of the scene of the wreck, he said these marks were not visible in the photographs.

The defendant, Caldwell, testified that when he first observed the approaching Cummings' automobile it was some 200 yards distant. The road was not level but had dips and rises in it. At this time he was traveling at a speed of 30 to 35 miles per hour. After that he lost sight of the approaching car temporarily and slowed his speed to about 25 miles per hour. As he approached the crest of a rise in the road he saw the Cummings' automobile completely for the first time. He was well over to the right of his lane the whole time. The distance between the two vehicles was 50 to 60 feet at this time. He applied his brakes and blew his horn. The two cars, however, collided as above set forth.

The jury returned a verdict in favor of the defendant. The plaintiff's motion for a new trial being overruled, he perfected his appeal to this court.

■ It is axiomatic that if the plaintiff is to recover in this action, he must meet his burden of showing negligence on the part of the defendant.

In his order overruling the plaintiff's motion for a new trial the court stated:

"* * * and after hearing the case the court hesitated in letting the case go to the jury, after the defendant made a motion for a directed verdict. The court decided to let the case go to the jury on the evidence of plaintiff's brother who stated that the accident happened somewhere near the center of the road, and he being the only witness who testified that it happened near the center of the road."

In view of the above statement we have carefully read and considered the testimony of Ronald Cummings, who is the uncle of the plaintiff, and the brother of Andrew D. Cummings through whom, as father and next friend, the plaintiff brought his suit.

■ Ronald Cummings' testimony, taking his testimony most strongly against the plaintiff as we must in this review, was to the effect that the Cummings' car was three feet over the center of the road into the north lane, or Caldwell's lane, at the time of the collision. He gave no testimony relative to the position of the Caldwell car during his appearance as a witness.

Section 11 of Title 36, Code of Alabama, provides:

"Drivers of vehicles proceeding in opposite directions shall pass each other to the right, each giving the other at least one-half of the main traveled portion of the roadway. as nearly as possible."     .

As before stated, the testimony of all of the witnesses presented by the plaintiff had placed the Caldwell car as far over to the right of his lane as practicable to drive. Even under the testimony of Ronald Cummings there is not a scintilla of evidence, or any inference that could be drawn, but that Caldwell was to the right of the center line of the road, to the extent of three feet.

Caldwell's testimony as to the speed at which he was driving was uncontradicted by any other evidence, either testimonial or inferences to be drawn from physical facts. So far as shown his speed was lawful under the circumstances.

■ The plaintiff having failed to show by even a scintilla of evidence any negligence on the part of the defendant, the defendant was entitled to have given his written hypothesized request for the affirmative charge. This was refused by the court.

■ The plaintiff-appellant has assigned a number of alleged errors in the proceedings below. Without intimating that merit

attaches to any of these assignments, we pretermit consideration of them for the reason that where a losing party is not entitled to recover in any event he cannot complain as to alleged errors committed in the trial. See 2A Ala.Dig., Appeal and Error, ☞1029, for innumerable authorities.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.