PER CURIAM.
Plaintiff/appellant Straum brought suit against defendant/appellee Harris, seeking $50,000 damages for an alleged assault and battery. The jury returned a verdict for the defendant, and the plaintiff appealed.
The following was uneontradicted: At or near 1:00 p. m. on June 26, 1979, at the intersection of County Roads 44 and 13 in Baldwin County, Trooper Jim Harris observed an automobile stopped in the intersection. Clifford Straum was standing in front of the parked automobile and was urinating. There was a heavy odor of alcohol about Straum, and he was unsteady on his feet. Straum was told by Trooper Harris to seat himself on the back seat of the trooper’s ear. When the trooper attempted to get in the driver’s seat, Straum leaned forward over the top of the front seat to the point that his torso was “kind of halfway over.” Each time the trooper tried to get in his car, Straum would attempt to grab him or swing at him. Straum was asked to sit back and would not do so. The stand-off lasted a “few minutes.” Straum prevented the trooper from using his radio to call for help. The engine of the trooper car was running and when, ultimately, Straum swung at the trooper and then attempted to place the car in gear, the troop *814 er struck Straum twice on the head with a night stick. At this point, the trooper used his radio to call for help and, shortly thereafter, two Fairhope police officers were on the scene. Straum resisted being placed in the Fairhope police car and, en route to the police station, he cursed, threatened, and went into “rages and fits.” Over a period of time after being placed in jail, Straum bumped and banged his head on the window bars and other objects within his cell to the extent that blood was “spewing out and going everywhere.” A witness, Joyce Grimmel, testified that the bars on which Straum banged his head were not round bars, but square and rather sharp.
As a result of this incident, Straum was charged with littering, indecent exposure and highway intoxication. He subsequently pleaded guilty to these charges and paid a $582 fine (plus costs).
He then filed suit against Trooper Harris by a complaint charging assault and battery. The defendant filed two affirmative pleas by way of defenses, which read as follows:
On June 26th, 1979, and while in the performance of his official duty as an Alabama State Trooper, the Defendant attempted to arrest the Plaintiff for highway intoxication and other offenses. The Plaintiff forcefully and physically resisted such arrest.
“The Defendant alleges that he was struck numerous times by the elbows, forearms, and fists of the Plaintiff and that the Plaintiff attempted to gain operational control of the Defendant’s state trooper automobile.
“The Defendant avers that the only force applied to the Plaintiff was that which was reasonable and necessary to complete the arrest.
.. . The Defendant avers that any injuries sustained by the Plaintiff were proximately caused by the violent and unlawful conduct of the Plaintiff himself.”
The jury returned a verdict in favor of Trooper Harris. Straum appeals and argues that the trial court erred in its oral charge to the jury. We affirm.
We have carefully read all of the evidence and are clear to the conclusion that the trial court would not have been in error had it directed a verdict in favor of the defendant either at the close of the plaintiff’s case or at the close of all the evidence. This is true because the uneontradicted evidence taken most strongly in plaintiff’s favor is insufficient to support a reasonable inference that the force used under these circumstances was excessive. Therefore, although the appellant makes a persuasive argument that the court’s oral charge was technically incorrect, the error, if any, was not such as would justify a reversal for a new trial. “[Wjhere a losing party is not entitled to recover in any event he cannot complain as to alleged errors committed in the trial.” Cummings v. Caldwell, 276 Ala. 375,162 So.2d 470 (1964); Chandler v. Pope, 205 Ala. 49, 87 So. 539 (1920); Donley v. Camp, 22 Ala. 659 (1853).
AFFIRMED.
TORBERT, C. J., and MADDOX, JONES, SHORES and BEATTY, JJ., concur.