235 So.2d 853

Nollie THOMPSON

v.

Ross HAVARD et al.

I Div. 595.

Supreme Court of Alabama.

May 15, 1970.

M. A. Marsal and Howell, Johnston, Langford & Finkbohner, Mobile, for appellant.

720

Richard W. Vollmer, Jr., Ralph Kennamer, Mobile, for appellees.

McCALL, Justice.

The appellant, Nollie Thompson, who was the plaintiff in the lower court, sued for personal injuries and damages to himself allegedly caused as a proximate result of the combined negligence of the owner of an automobile, Mrs. E. S. Havard, and of the driver, Ross Havard. The gravamen of the action is that the defendant, Mrs. Havard, entrusted her automobile to her son, Ross,

to operate, knowing at the time that he was a dangerous and competent driver, that the said Ross Havard so negligently drove or operated the said automobile as to run it into an automobile in which the plaintiff was a passenger, and as a proximate result of the combined negligence of both defendants, the plaintiff, Thompson, sustained serious and permanent personal injuries and damages.

Judgment was rendered against Ross and in favor of the defendant Mrs. Havard. The plaintiff appeals from the latter judgment. There is no appeal by the defendant Ross Havard nor has the appellee, Mrs. Havard, cross-assigned any error upon the record brought up by the appellant Thompson.

The appellant's first two assignments of error complain of the court's giving the appellee's requested written charges No. 9 and No. 12. While the appellee insists on the correctness of each of these charges, she argues more stringently that giving them was without error to the appellant, because the trial court should have given the general affirmative charge which she requested at the close of the evidence for the plaintiff in chief at which time the appellee also rested. The appellee contends that the plaintiff failed to establish his case against her even by a scintilla of evidence. She cites the rule that where a losing party is not entitled to recover in any event, he cannot complain of error in the giving of any other charges to the jury, insisting that such, at most, would be error without injury. Coe v. Louisville & Nashville R. R. Co., 272 Ala. 115, 117, 130 So.2d 32; Cummings v. Caldwell, 276 Ala. 375, 378, 162 So.2d 470. When the plaintiff, upon whom lies the burden of proof, fails to make out his case, it is not incumbent upon the defendant to introduce any evidence, and his failure to do so should not create inference for the purpose of making out a case for the plaintiff after he has failed to make out one for himself. Southern Ry. Co. v. Gullatt, 150 Ala. 318, 43 So. 577.

On this point of whether or not Mrs. Havard was entitled to the affirmative charge as she contends for, we have reviewed all of the plaintiff's evidence offered to the point in the trial, when he rested his case, and appellee rested her case, to determine if there was any evidence or inference therefrom, which warranted submitting the case to the jury.

Pertinent testimony introduced by the plaintiff was that the automobile which the defendant, Ross Havard, was driving when it collided with the vehicle in which the plaintiff was riding, was at that time registered in the name of the defendant, Mrs. E. S. Havard, whose address was the same as that of the defendant, Ross Havard, her son. This proof of registration created a rebuttable presumption that Mrs. Havard was the owner of that automobile. Stanley v. Hayes, 276 Ala. 532, 165 So.2d 84; State Farm Mut. Auto. Ins. Co. v. General Mut. Ins. Co., 282 Ala. 212, 210 So.2d 688. Our decisions hold that proof of ownership of a motor vehicle causing injury raises a rebuttable presumption that the person in the possession and control of that vehicle was the agent or servant of the owner, and was acting within the line and scope of his employment. Rogers v. Hughes, 252 Ala. 72, 39 So.2d 578, and cases cited.

We think that if such a rebuttable presumption of agency arises from proof of ownership, it follows as a logical corollary, that a rebuttable presumption of entrustment or gratuitous bailment arises that the vehicle was rightfully in the possession of and being operated by the driver with the permission of the owner, though not necessarily for the latter's benefit. The purpose for which the vehicle is being used by the driver to whom it was entrusted is not important or controlling in such a case. What counts is that the possession and control of the vehicle was placed or entrusted to the driver with the consent of the owner.

While these presumptions, which arise from proof of ownership, are said not

to be evidence in themselves, they nonetheless, serve as evidence until rebutted by strong, clear and undisputed evidence offered by the defendant that the driver of the vehicle at the time of the collision was not the agent of the defendant owner, or was not operating the vehicle with her permission or consent. Rogers v. Hughes, supra; Tullis v. Blue, 216 Ala. 577, 114 So. 185; Cruse-Crawford Mfg. Co. v. Rucker, 220 Ala. 101, 123 So. 897.

■ When the plaintiff rested, the defendant, Mrs. Havard, rested also without putting on rebuttal evidence, thus, the plaintiff had no need to offer further proof that Ross Havard was operating the automobile of the defendant, Mrs. Havard, at the time of the collision with her permission.

The next question is, was there evidence that this defendant's son was a dangerous and incompetent driver when she entrusted her automobile to him with her permission to operate it, and if so, did she know of his incompetence to drive an automobile?

To prove Ross' incompetence to drive, the plaintiff, over Mrs. Havard's objection, introduced into evidence, in its deleted form as altered by the trial court, a certified document from the records in the State of Alabama Department of Public Safety, of the driving record of the defendant. This exhibit revealed that Ross Havard was nineteen years of age when the accident occurred, that his original driver license was issued to him on January 7, 1964, about three years prior to the accident and that during that period of time he was charged with, convicted of and fined for the following offenses, viz: speeding in Washington County on September 11, 1964; speeding in Mobile County on December 17, 1964; speeding in Mobile County on January 5, 1965; speeding in Mobile County on January 20, 1965; speeding in Clarke County on April 16, 1965; traffic signal violation in Baldwin County on May 9, 1965; driving without a driver license in Mobile County on November 2, 1965; speeding in Clarke County on July 15, 1966; speeding

in Mobile County on March 1, 1967; speeding in Mobile County on March 22, 1967; reckless driving reduced from driving while intoxicated in Tuscaloosa County on April 17, 1967. In all there were eleven moving violations of which this defendant was convicted within approximately three years prior to the accident complained of.

As to the sufficiency of this evidence to take the issue of driver incompetency to the jury, the case of Broesche v. Bullock, 427 S.W.2d 89, 93, (Tex.Civ.App.1968) is in point. In that case the appellant driver was a minor twenty years of age. He was first licensed to drive when he was sixteen and had been driving for about three years when the accident occurred. In that brief time, the opinion states, he had been cited and paid fines for seven moving traffic violations and had received a letter from the Department of Public Safety, reprimanding him for his driving. He had received a speeding ticket in October of 1962, a speeding ticket in January of 1963, a warning letter from the Texas Department of Public Safety in April 1963, a speeding ticket in December 1963, a ticket for contest of speed in March of 1964, and a speeding ticket in October 1964. In addition, he had received a ticket for running a red light in March 1964. The court said:

"While proof of only one previous traffic violation is grossly inadequate to establish incompetency or recklessness (Mayer v. Johnson, 148 S.W.2d 454 (Tex. Civ.App.), writ dismd., judg. corr.), and proof of two moving violations or accidents within a two year period prior to the accident made the basis of the suit, is probably insufficient (Fambro v. Sparks, 86 Ga.App. 726, 72 S.E.2d 473 (Court of Appeals, Georgia), in this case the evidence presents proof of seven citations for moving traffic violations, a warning letter, disciplinary actions and restrictions taken against the minor driver because of his driving." All of the violations occurred within the span of three years prior to the entrustment. We believe that there is evidence and that

it is sufficient to show that Charles Rodney Broesche was a reckless and incompetent driver * * *. * * *"

The facts in that case and those of the present are not greatly different. But where there is variation, the variation weighs further against the competency of the defendant, Ross Havard. We hold under the evidence that the question of his competency or incompetency to operate the automobile, when entrusted to him, was one of fact for the jury to decide.

We pass now to the issue of scienter on the part of Mrs. Havard, that is, whether she knew of her son's driving tendencies, or from the existing circumstances could or should have known of them by the exercise of due diligence.

In our judgment the rule is well stated in Gardiner v. Solomon, 200 Ala. 115, 117, 75 So. 621. We have examined the record of this case and find that the defendant's mother who was the entrusting party testified that she had had no notice that her son was a reckless, careless, negligent or heedless driver. Nor was there any proof to show she had any actual notice of such tendencies. The court said:

"We also think that there was evidence from which the jury could infer that Thomas was such a fast and reckless driver as to render the machine in his hands dangerous, that his use of the machine was permissive, and that the defendant, while permitting him to use the machine, was informed of his incompetency, and that the jury could infer that the death of the plaintiff's intestate resulted from the recklessness and negligence of the said Thomas in driving the automobile. * * * Nor was there proof of an express consent from the defendant to her son to use the vehicle upon this occasion, or that she had actual notice of his incompetency as a driver, though there were circumstances from which all these facts could have been inferred by the jury. Therefore the trial court did not err in submitting counts 3

and 4 to the jury and in refusing defendant's general charge as to the said counts."

In the master and servant relationship, the master is held responsible for his servant's incompetency when notice or knowledge, either actual or presumed, of such unfitness has been brought to him. Liability depends upon its being established by affirmative proof that such incompetency was actually known by the master or that, had he exercised due and proper diligence, he would have learned that which would charge him in the law with such knowledge. It is incumbent on the party charging negligence to show it by proper evidence. This may be done by showing specific acts of incompetency and bringing them home to the knowledge of the master, or by showing them to be of such nature, character, and frequency that the master, in the exercise of due care must have had them brought to his notice. While such specific acts of alleged incompetency cannot be shown to prove that the servant was negligent in doing or omitting to do the act complained of, it is proper, when repeated acts of carelessness and incompetency of a certain character are shown on the part of the servant to leave it to the jury whether they would have come to his knowledge, had he exercised ordinary care. First National Bank of Montgomery v. Chandler, 144 Ala. 286, 307, 39 So. 822.

We think that the driving offenses, the convictions, and the fines against Ross Havard were of such nature, character, and frequency, that when considered with his child relationship and residence with his mother, Mrs. Havard, constituted circumstances justifying the submission to the jury of the question of whether the acts came to her knowledge, or would have, had she exercised reasonable care.

Having decided that the defendant was not entitled to the affirmative charge, we consider charges No. 9 and No. 12. In our opinion the trial court erred to

reversal in giving the appellee's requested written charge No. 9 reading as follows:

"THE COURT CHARGES YOU THE BURDEN IS ON THE PLAINTIFF TO REASONABLY SATISFY YOU BY THE EVIDENCE THAT *MRS. HAVARD KNEW THAT HER SON ROSS HAVARD'S OPERATION OF AN AUTOMOBILE WOULD OR PROBABLY WOULD CAUSE INJURY TO ANOTHER USER OF THE HIGHWAYS.*"

This charge was given to the jury with the portion emphasized as indicated above. Under this charge, in order to hold Mrs. Havard liable, the plaintiff would be burdened with having to prove either that she knew that Ross' driving would injure someone or that it probably would injure someone. We cannot assume that the jury accorded this charge any meaning different from the import of its plain langugage. Molloy v. Mitchell, 223 Ala. 666, 137 So. 896. The charge misstates the law of the case with respect to both the burden of proof cast on the plaintiff as a predicate to his right to recover and the measure of duty owed by Mrs. Havard to the plaintiff. In the case of Reaves v. Maybank, 193 Ala. 614, 626, 69 So. 137, it is said:

"A charge which affirmatively misstates the measure of duty as a predicate for a declaration for or against negligence by reference to conduct or omission hypothesized therein, is necessarily seriously prejudicial to the party affected or concluded thereby; and rule 45 (61 South. ix) of our practice cannot avail to avert a reversal in the ordinary case. We cannot assume in this case, as counsel insist, that the objectionable feature of this charge was without wrongful or prejudicial effect upon the minds of the jury. It must be taken to have produced the impression its terms naturally import; and, when so read, it determined the measure of duty, and, in consequence, exoneration from negligence under the facts hypothesized, by reference to the judgment of the individual charged rather than with reference to the standard fixed by law."

The court erred in giving at the defendant's request written charge numbered 9.

 Charge 12 is bad because it requires Mrs. Havard to have knowledge of her son's past operation of motor vehicles, when the plaintiff only needs to reasonably satisfy the jury by the evidence that she knew of her son's incompetency to operate an automobile, or that had she exercised due or reasonable care, she would have known of it.

 The plaintiff did not object or except to the court's deleting portions of the driving record of Ross Havard. Further, the record shows that the plaintiff had not up to that point tendered the document as an exhibit. He tendered the driving record after it was altered and it was thus received in evidence. The trial court will not be put in error unless the matter complained about on appeal was called to its attention by objection or by other appropriate method. Rice v. Hill, 278 Ala. 342, 178 So.2d 168; State v. Boyd, 271 Ala. 584, 126 So.2d 225.

Since the separate objections raised by appellant's assignments of error Nos. 4, 5 and 6 relate to matters which probably will not arise again on a retrial of this case, we express no opinion on them.

 While we have held that wide latitude should be accorded the parties in their voir dire examination of prospective jurors touching their qualifications, interest or bias, the extent of the examination is largely discretionary with the trial court. Roan v. Smith, 272 Ala. 538, 133 So.2d 224, and cases cited therein. We think that disallowing the questions: "* * * whether any juror's son or daughter in the family are permitted to use alcoholic beverages while under the age of twenty-one" and "* * * whether any juror has a member of the family—has a daughter or a son that

has been involved in an automobile accident" was not an abuse of discretion.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and BLOODWORTH, JJ., concur.

COLEMAN, J., concurs in the results.