BRADLEY, Judge.
This appeal arises out of a jury verdict in favor of plaintiff in an automobile accident case.
Appellant/plaintiff has not provided the court with a statement of facts, and the record on appeal does not contain a copy of the transcript of the proceedings at trial. From the pleadings filed in this case we can determine that on November 13,1979 plaintiff, Charles F. Chiriaco, filed a complaint pro se against defendant Marilyn Jacks Davis and against State Farm Insurance Company, as Davis’s insurer, alleging that Davis had negligently driven her ear into plaintiff’s automobile. Damages for personal injury and property damage were sought. On December 4, 1979 State Farm filed a motion to dismiss the complaint against it, contending that the complaint failed to state a claim upon which relief could be granted. The circuit court allowed plaintiff an additional period of time in which to amend his complaint against State Farm, and on March 26,1980 plaintiff amended his complaint, alleging that State Farm had fraudulently coerced him into signing a release from liability for any personal injury resulting from a totally separate automobile accident involving plaintiff and another State Farm insured. The circuit court, in its pretrial statement, ordered that the claims of plaintiff against Davis and against State Farm be . tried separately.
*1273 Plaintiff thereafter hired an attorney to represent him in the action against Davis, and on September 18, 1980 the complaint was amended to claim the sum of $100,000 in compensatory and punitive damages. The case was tried before a jury on May 19, 1981. The jury rendered a verdict in favor of plaintiff and against Davis, assessing damages at $715.00 plus costs. Plaintiff thereafter filed a motion for new trial, alleging, inter alia, that the jury verdict was inadequate. The trial court found the verdict inadequate, and ordered an additur of $1,100.00, increasing the amount of damages to $1,815.00, with the stipulation that if Davis accepted the additur the motion for new trial would be denied. Davis consented to the increased damages, and plaintiff’s motion for new trial was denied.
On June 15, 1981 State Farm filed a motion for summary judgment in plaintiffs claim against it. The summary judgment was granted on August 5, 1981.
Plaintiff, again proceeding pro se, has appealed to this court from the judgment against Davis. In his brief and in a document entitled “Bases for Relief” previously filed with this court (which we will consider as having been incorporated on appeal), he alleges that (1) the damages awarded by the trial court were inadequate; (2) the trial judge erred in various evidentiary matters during the course of the trial; (3) the trial judge erred in his instructions to the jury; (4) he was not permitted to attend the pretrial hearing; (5) the jury was “tampered with;” and (6) the claims against Davis and against State Farm should have been tried in the same action.
With regard to plaintiff’s first issue, that the damages awarded by the trial court were inadequate based on the evidence before the court, we would note that the record on appeal does not contain a transcript of the proceedings during the course of the trial. It is a settled rule that in the absence of any transcript showing what was presented to the trial court, the reviewing court must assume that the action of the trial court was supported by the evidence. Rhea v. Rhea, 360 So.2d 1029 (Ala.Civ.App.1978); Adams v. Adams, 335 So.2d 174 (Ala.Civ.App.1976). We cannot make plaintiff’s first contention a ground of reversal.
Plaintiff’s next four issues depend, to some extent, upon matters presumably contained in the transcript of the proceedings below. Again, we cannot reverse the judgment on those grounds. If the record on appeal does not disclose the fact assigned as error, such ground for error cannot be considered on appeal. Clevenger v. State, 369 So.2d 563 (Ala.Civ.App.1979).
Plaintiff lastly contends that the trial judge erred in ordering separate trials of plaintiff’s claims against Davis and against State Farm. We cannot agree. Rule 42(b), A.R.C.P., provides in pertinent part:
The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues ....
The trial judge possesses broad discretion in ordering the separate trial of various issues. Robinson v. Computer Servicenters, Inc., 360 So.2d 299 (Ala.1978). In the present case plaintiff’s claims against Davis and against State Farm involve separate accidents. The issue of State Farm’s liability for allegedly fraudulent inducement to sign a release for possible injuries sustained in one automobile accident has nothing to do with Davis’s liability in the second accident. We find no abuse of discretion in the order of separate trials. See Coburn v. American Liberty Insurance Co., 341 So.2d 717 (Ala.1977).
For the foregoing reasons, we must affirm the judgment below.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.