This is a negligent entrustment case.
On May 28, 1981, five-year-old Christopher Bonds was injured when he was struck by a van owned by Douglas Busler and driven by Busler's fifteen-year-old daughter, Brenda Busler. He was taken to *Page 245 
University Hospital in Birmingham, where he remained for treatment of a concussion until June 2, 1981.
On January 7, 1982, Christopher, by and through his father and next friend, Ronald B. Bonds, filed suit in Jefferson County alleging (1) negligent operation of the van by Brenda Busler and (2) negligent entrustment of the van to Brenda by her father and mother, Douglas and Linda Busler. The complaint also included Ronald B. and Paulette Bonds as parties plaintiff and prayed for a total judgment of $115,000. Mrs. Bonds was subsequently dismissed.
In order to better understand the line-up of the parties and the resultant verdicts, we adopt the outline in appellees' statement of the case as follows:
 Christopher Bonds [injured minor plaintiff]
 v.

 Brenda Busler [daughter-entrustee )
 driver] ) Verdict for
 and ) both
 ) defendants
 Linda Busler [mother entrustor] )
 . . . .
 Ronald Bonds [father of Christopher]
 v.

 Brenda Busler [daughter-entrustee- ) Verdict in
 driver ) favor of Brenda
 and
 Linda Busler [mother entrustor] ) Verdict for
 ) plaintiff-$3100.

The primary issue on appeal is whether the trial court erred in denying plaintiffs' motion for new trial on the ground that the verdicts in favor of defendants Brenda Busler and her mother, Linda, and against the injured Christopher Bonds are inconsistent with the verdict against defendant Linda Busler and in favor of Ronald Bonds.
The appellant Bonds contends that the verdicts are inconsistent in that the entrustor, Linda, was determined by the jury to be liable because of negligent entrustment of an automobile to the incompetent minor, Brenda, while the jury found Brenda not guilty of causing the injury to Christopher.
We find it settled law in this state that though an entrustor may be guilty of negligent entrustment of a vehicle to an incompetent driver, he may not be held liable for such negligence unless the injury is proximately caused by the incompetence of the entrustee. Keller v. Kiedinger,389 So.2d 129, 131 (Ala. 1980). Though there may be basis for questioning the authority of the opinion in Keller, supra, we consider it correctly speaks to the proposition that one who entrusts an automobile to an incompetent driver, incompetent as a matter of law or in fact, is guilty of negligent entrustment; however, the entrustor's liability for such entrustment depends upon an injury proximately resulting from the incompetency of the entrustee.[1]
The court said in Keller, supra:
 "The rule is logical — in some cases the incompetence of the bailee may render him incapable of legal negligence. In other cases the entrustment may proximately result in injury without negligence on the part of the bailee. See Comment, Negligent Entrustment in Alabama, 23 Ala.L.Rev. 733, 751 (1971) (example). We find therefore, that negligence on the part of the bailee is not a necessary element of negligent entrustment."
389 So.2d at 132.
We hasten to say that we consider that the court in the last sentence quoted above did not mean to convey that there need be no showing and determination of the incompetence of the bailee in the operation of the vehicle which was the proximate cause of the injury. Such incompetence may be manifested by active culpable negligence of the driver or it may be manifested by non-culpable, passive inability to function as a driver. Except in the latter instance, the liability of the entrustor must rest upon a consideration of the conduct of the bailee to establish the necessary element of incompetency as a proximate cause of injury. *Page 246 
The facts of this case do not bring it within the exception. The entrustee, Brenda, was a fifteen-year-old girl without a driver's license and thus conclusively presumed an incompetent driver. McDermott v. Hambright, 286 Ala. 249, 238 So.2d 876
(1970); Paschall v. Sharp, 215 Ala. 304, 110 So. 387 (1926). However legally incompetent to drive the entrustee, Brenda, may be, her incompetency to drive must have manifested itself in causing the injury to Christopher. This was stated in the case of Rush v. McDonnell, 214 Ala. 47, 52, 106 So. 175, 178 (1925) as follows:
 "Yet the injurious conduct of the bailee, resulting from his incompetency as a driver is a necessary factor to the liability of the owner or custodian, without which the wrongful bailment could not be said to be the proximate cause of the injury. Hence any consideration of the owner's liability must involve also a consideration of the conduct of the bailee and of his legal culpability."
Relating these principles to this case and the verdict returned by the jury, it is evident that the finding that the entrustee, Brenda, was free from culpable conduct causing injury to Christopher, legally prevented the finding of liability of her entrustor, Linda. Such findings are inconsistent and are contrary to the court's charge to the jury. We also agree with appellee that the awarding of a verdict in favor of the father against the entrustor mother is inconsistent with the failure to find for the injured Christopher against Linda. The finding for the father for recovery of expenses of treating the injury of the son, but failure to award damages to the son for such injury is irreconcilable. Lindsay v. Hackney, 283 Ala. 372, 217 So.2d 238
(1968).
Appellee contends that even though the verdicts be inconsistent, his motion to vacate the judgment should be granted because the jury found in all cases in favor of Brenda, upon whose culpability all others must rely.
We cannot accept appellee's and cross-appellant's contention. It appears to us that the finding against the entrustor and in favor of the entrustee, after a proper and specific charge, indicates misconception and confusion by the jury. They obviously intended that plaintiff father should recover and that defendant mother should pay. They just failed to follow the proper course to do it. We consider the case of Smith v.Richardson, 277 Ala. 389, 171 So.2d 96 (1965), authority for reversing all judgments in this case and remanding for a new trial.
Since we have directed a new trial, we consider now the second issue presented by plaintiffs-appellants: That is whether the court erred in its charge to the jury on damages. The specific charge complained of is:
 "However, I do charge that if you should return a verdict in favor of plaintiffs in this case that you cannot base any award which you might make upon the possibility that the plaintiff, Christopher Bonds, may have trouble with his legs in the future or may have epilepsy in the future."
That part of the charge was preceded by the following:
 "If you are reasonably satisfied from the evidence that the plaintiff has suffered permanent injuries and that such injuries proximately resulted from the wrongs complained of, then you should decide in your verdict . . . include in your verdict such sum as you determine to be reasonable compensation for such injuries."
Appellant's basis for his complaint to the charge relates to testimony in which physicians stated that the brain scar suffered by Christopher, though healed, might possibly, under extremes of demand, cause the left leg to function slightly different from the other leg. Further, there is a two percent possibility, as compared to a one percent possibility without the scar, that he could suffer from epilepsy at some time immediately after the injury, such possibility diminishing to normal over a ten-year period. There is a ninety-eight percent probability that he would never experience epilepsy. *Page 247 
It is to be noted that the above evidence was before the jury for their consideration of the claim of permanent injury and its present money value. It is stated in Armour Co. v.Cartledge, 234 Ala. 644, 648, 176 So. 334, 338 (1937):
 "It will be noticed that the problem is the present evaluation in money of his condition, existing after the accident. A possibility of certain results would not show as much present compensable condition as a probability or other more certain consequence. But such possibility would shed some light on the question of more or less value as explained by the expert. Not that plaintiff can recover for such possible consequences, and the charges were not so framed. But the evidence is admissible to shed light on the value of a condition then existing. The jury will take that along with the other evidence in justly appraising that condition."
Reiterated in Zell v. Umphrey, 250 Ala. 107, 34 So.2d 472
(1948).
We consider that the court followed the lead of these cases and others, that mere possible future consequences not presently occurring, as opposed to reasonable probabilities are too speculative to measure in damages. Alabama Power Co. v.Smith, 409 So.2d 760 (Ala. 1981). The court did not err in its charge.
For error in denying appellants' motion for new trial, because of the inconsistency of verdicts, we reverse and remand for a new trial.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur.
[1] We do not read the dissent in Keller to disagree with the proposition of law. The dissent appears to be only to the granting of summary judgment upon the issue of contributory negligence of the bailee.