470 So.2d 1141 (1985)
Robert BRUCK, as Administrator of the Estate of Joachim Bruck, Jr.
v.
JIM WALTER CORPORATION, et al.
83-484.
Supreme Court of Alabama.
March 22, 1985.
Rehearing Denied May 10, 1985.
*1142 Alex W. Newton and John W. Haley of Hare, Wynn, Newell & Newton, Birmingham, for appellant.
James L. Clark and Johnnie F. Vann of Lange, Simpson, Robinson & Somerville, Birmingham, for appellees.
TORBERT, Chief Justice.
This is an appeal from a judgment entered on a jury verdict in favor of the defendants in a wrongful death action which arose out of a collision between a car and a tractor-trailer truck.
The issues raised on appeal do not require detailed knowledge of the facts of the accident for resolution. It is sufficient to know that Joachim Bruck, Jr., died from injuries sustained in a collision between a car in which he was riding as a passenger and a truck driven by Steven Reynolds. At the time of the accident, Reynolds was employed by TLI, Inc., which was hauling for Jim Walter Transportation, an operating division of Celotex Corporation. Celotex Corporation is owned by Jim Walter Corporation.
The plaintiff, Robert Bruck, as administrator of the decedent's estate, filed a wrongful death action against Reynolds, Celotex, Jim Walter Transportation, and Jim Walter Corporation. The complaint contained one count which alleged negligent or wanton operation of the truck. Subsequently, the plaintiff amended his complaint to add a second count of negligent or wanton entrustment of the truck, by the corporate defendants, to the defendant driver Reynolds. The amended complaint also added Reynolds's employer, TLI, Inc., as a party defendant. All the defendants filed an answer denying liability.
The first day of trial, the defendants filed a motion in limine requesting the trial court to enter an order prohibiting the introduction of testimony, documents, or other evidence relating to Reynolds's driving record. The motion specifically included the following charges: four speeding violations, driving an overweight truck, and running a red light. All of the alleged offenses occurred within the four-year period immediately preceding the fatal accident.
During arguments on the motion, it was admitted that Reynolds was acting as an agent for the corporate defendants at the time of the accident. It was also admitted that Reynold's driving record, as set forth in the motion, was correct. The trial court granted the motion.
Following the close of the plaintiff's testimony, the defendants moved for a directed verdict. The trial court overruled it as to the negligent or wanton operation count, but granted it as to the negligent or wanton entrustment count. The jury returned a verdict in favor of the defendants, and judgment was entered accordingly. The plaintiff's motion for new trial was denied.
On appeal, the plaintiff contends the trial court erred to reversal by granting the motion in limine, thereby precluding him from introducing evidence necessary to prove the count of negligent or wanton entrustment. The defendants argue that admission of the agency relationship with Reynolds made proof of Reynolds's driving record immaterial, and thus, that it was properly excluded as irrelevant and prejudicial. The defendants also argue that if the granting of the motion in limine was error it was merely harmless error because 1) liability based on negligent entrustment *1143 is dependent upon there being an injury proximately resulting from the incompetence of the entrustee and 2) the jury verdict in favor of all defendants on the negligent or wanton operation count precluded any finding that Reynolds's alleged incompetence proximately caused injury to the decedent.
Liability for negligent entrustment has been recognized in this state since Parker v. Wilson, 179 Ala. 361, 60 So. 150 (1912), wherein this court stated, "No doubt liability will arise where the owner intrusts a machine of such dangerous potentialities to the hands of an inexperienced or incompetent person...." 179 Ala. at 370-71, 60 So. at 153. It is now established that one who entrusts a motor vehicle to an incompetent driver who is likely to cause injury to others through its use by reason of his incompetence may be liable for any damages proximately resulting therefrom. Keller v. Kiedinger, 389 So.2d 129 (Ala. 1980); see, Comment, Negligent Entrustment in Alabama, 23 Ala.L.Rev. 733 (1971).
The liability which attaches to the entrustor for injuries proximately caused by the incompetence of the driver to whom a motor vehicle has been entrusted does not arise out of the relationship of the parties but rather is an independent tort resting upon the negligence of the entrustor in entrusting the vehicle to an incompetent driver. 7A Am.Jur.2d Automobiles and Highway Traffic § 643 (1980). As Justice Somerville said in Rush v. McDonnell, 214 Ala. 47, 50, 106 So. 175 (1925):
"We are not confusing the liability of the driver of the car, or his principal, for the negligent operation of the car, with the liability of the owner or custodian of the car for intrusting its operation to an incompetent driver. The two phases of liability are separate and distinct, and in the latter case the liability is not based upon the doctrine of respondeat superior."
214 Ala. at 51-52, 106 So. at 178.
The plaintiff presented this action in the form a valid, well-pleaded complaint consisting of two separate and distinct counts. Count one alleged negligent or wanton operation of the truck and count two alleged negligent or wanton entrustment. Rule 8(e), Alabama Rules of Civil Procedure, provides in part:
"(2) A party may set forth two or more statements of a claim or defense alternatively or hypothetically, either in one count or defense or in separate counts or defenses. When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. A party may also state as many separate claims or defenses as he has regardless of consistency and whether based on legal or on equitable grounds, or on both. All statements shall be made subject to the obligations set forth in Rule 11."
(Emphasis added.) Rule 8 is identical in relevant aspects to the corresponding Federal Rule of Civil Procedure. In Breeding v. Massey, 378 F.2d 171 (8th Cir.1967), the Court of Appeals specifically addressed the issue of a complaint asserting claims of negligent entrustment and respondeat superior. The appellant argued that the claims were alternative theories of liability and that recovery for negligent entrustment could only be made when respondeat superior liability did not exist. The court held:
"This contention is based on the proposition that the two theories of recovery are mutually exclusive and that it was error to submit both issues [to the jury]. Such position is not supported either by authority or logic. Rule 8(e), Fed.R.Civ.P., expressly provides: `A party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses.... A party may also state as many separate claims or defenses as he has regardless of consistency and whether based on legal, equitable, or maritime grounds.'

*1144 "The right of a plaintiff to try his case on alternate theories has uniformly been upheld in the federal courts and plaintiff cannot be required to elect upon which theory to proceed."
378 F.2d at 177-78.
The holding in Breeding regarding a plaintiff's right to proceed on separate claims is consistent with recent Alabama decisions. United States Fidelity & Guaranty Company v. Warwick Development Company, 446 So.2d 1021 (Ala.1984); National Security Fire & Casualty Company v. Vintson, 414 So.2d 49 (Ala.1982).
The plaintiff, in order to prove his claim for negligent or wanton entrustment, had to show, as one of the elements of his claim, that the defendants either knew or should have known that Reynolds was incompetent to drive. Consequently, evidence of Reynold's driving record was highly relevant. Obviously, we recognize, as do the defendants, that such evidence carries with it the potential for prejudice. The jury might infer, because Reynolds had been charged with negligent conduct in the past, that he was negligent at the time of the accident. This would be in contravention of the general rule that evidence of similar prior acts of negligence is inadmissible on the issue of negligence at the time of the injury complained of in an action. 29 Am.Jur.2d Evidence § 315 (1967). Therefore, one of the questions we must address is whether the resulting inconsistency can be resolved. We think it can.
The admissibility of a driving record was discussed in Thompson v. Havard, 285 Ala. 718, 235 So.2d 853 (1970). Thompson involved an action for negligent entrustment in which the defendant was alleged to have entrusted her car to her son, knowing at the time that he was a dangerous and incompetent driver. To prove the son's incompetence, the plaintiff, over the defendant's objection, introduced a certified document from the Alabama Department of Public Safety containing the driving record of the son. The certified document revealed that the son had committed eleven moving violations within approximately three years of the accident. The Court stated:
"It is incumbent on the party charging negligence to show it by proper evidence. This may be done by showing specific acts of incompetency and bringing them home to the knowledge of the master, or by showing them to be of such nature, character, and frequency that the master, in the exercise of due care must have had them brought to his notice. While such specific acts of alleged incompetency cannot be shown to prove that the servant was negligent in doing or omitting to do the act complained of, it is proper, when repeated acts of carelessness and incompetency of a certain character are shown on the part of the servant to leave it to the jury whether they would have come to his knowledge, had he exercised ordinary care."
285 Ala. at 723, 235 So.2d at 858. Clearly the Court was aware that evidence of the son's driving record might be used to infer negligence on his part at the time of the accident; nevertheless, the Court determined that such evidence could properly go to the jury.
In Lockett v. Bi-State Transit Authority, 94 Ill.2d 66, 67 Ill.Dec. 830, 445 N.E.2d 310 (1983), the Illinois Supreme Court held that a trial court's order prohibiting admission of a defendant's driving record was impermissible. As in the case at bar, Lockett involved an action for wrongful death. There, the decedent was killed when hit by a bus owned by the Bi-State Transit Authority. The plaintiff, as administrator of the decedent's estate, filed a complaint against the Transit Authority and the bus driver. The complaint contained counts of negligent misconduct, willful and wanton misconduct, negligent entrustment, and willful and wanton entrustment. Before trial the court granted the defendant's motion in limine barring evidence concerning the bus driver's record prior to the accident. The jury returned a verdict in favor of the plaintiff; however, the Illinois Appellate Court reversed on the grounds that a question posed by plaintiff's counsel during *1145 trial violated the in limine order. The Illinois Supreme Court reversed the Appellate Court decision and held that proof of the bus driver's driving record was "highly relevant, if not essential, to the plaintiff's case, and to preclude its use was, in practical effect, to abolish plaintiff's cause of action for willful and wanton misconduct... labeled as entrustment." 94 Ill.2d at 74, 67 Ill.Dec. 834, 445 N.E.2d at 314. Furthermore, the court held that the necessity of proof of the Transit Authority's misconduct, in allowing the bus driver to operate one of its vehicles, was not eliminated merely by the acknowledgement of an agency relationship. Id.
The court in Lockett was keenly aware that evidence of the driving record might prejudice the jury against the defendant; nevertheless, the court felt that such evidence was so highly relevant that its complete exclusion would be impermissible. 94 Ill.2d at 74, 67 Ill.Dec. 834, 445 N.E.2d at 314. The court did suggest, however, that the defendant might have been entitled to an instruction cautioning the jury that proof of the driving record should not be considered in determining the nature of the driver's conduct on the occasion of the accident. Id. We would add that such a clarifying instruction by the bench would not be inconsistent with trial practice in this state. C. Gamble, McElroy's Alabama Evidence § 12.01 (3d ed. 1977).
The Georgia Court of Appeals has also considered the admissibility of a prior driving record in an action alleging theories of respondeat superior and negligent entrustment wherein agency was admitted. In Chupp v. Henderson, 134 Ga.App. 808, 216 S.E.2d 366 (1975), it was held that evidence of a driving record would be prejudicial and irrelevant in the resolution of issues presented on a claim based on respondeat superior, but that such evidence was not only relevant but essential to the viability of a claim of negligent entrustment. However, the court did require separate trials of the issues in order to prevent the possibility that evidence of the driving record would prejudice the jury on the issue of the driver's conduct at the time of the accident.
Under our rules of civil procedure, the trial court may also order separate trials. Rule 42(b), A.R.Civ.P., provides that the court, "in furtherance of convenience or to avoid prejudice ... may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues...." Generally, trial judges are possessed of broad discretion to order the separate trial of various issues in the interest of convenience and to avoid prejudice. Robinson v. Computer Servicenters, Inc., 360 So.2d 299 (Ala.1978); Chiriaco v. Jacks, 421 So.2d 1272 (Ala.Civ. App.1982).
On the basis of the foregoing analysis, we are led to the conclusion that the trial court erred in granting the defendant's motion in limine. Evidence of Reynolds's driving record was highly relevant, if not essential, to the plaintiff's ability to show knowledge on the part of the corporate defendants of Reynolds's alleged incompetence. Moreover, the trial court had available, aside from the motion in limine, adequate safeguards to protect against the possible prejudicial effect of such evidence. The practical effect of the in limine order was to abolish the plaintiff's cause of action for negligent or wanton entrustment. Nevertheless, because of the defendant's second argument, we do not reverse.
The defendants also argue that even if the exclusion of the driving record was error, as we have found it to be, it was merely harmless error and the judgment of the trial court should be affirmed. The defendants argue that because the jury returned a verdict in favor of all defendants, including Reynolds, on the negligent or wanton operation count, Reynolds's conduct could not have been the proximate cause of the decedent's injuries, and any claim for negligent or wanton entrustment could not be sustained. We agree.
The rule has been established that an entrustor is not liable for injury resulting from negligent entrustment of a vehicle to an incompetent driver unless the injury is *1146 proximately caused by his legal culpability. As this Court stated in Rush v. McDonnell, 214 Ala. 47, 52, 106 So. 175, 178 (1925):
"Yet the injurious conduct of the [entrustee], resulting from his incompetency as a driver is a necessary factor to the liability of the owner or custodian, without which the wrongful [entrustment] could not be said to be the proximate cause of the injury. Hence any consideration of the owner's liability must involve also a consideration of the conduct of the [entrustee] and of his legal culpability."
Except in those rare instances where the entrustee's incompetence results from non-culpable inability to function as a driver (as in the case of a minor under the age of legal accountability or a mental incompetent), "liability of the entrustor must rest upon a consideration of the [legally culpable] conduct of the [entrustee] to establish the necessary element of incompetence as a proximate cause of injury." Bonds v. Busler, 449 So.2d 244, 245 (Ala.Civ.App.1984).
The record in this case reveals nothing that would indicate that the entrustee, Reynolds, a mentally competent adult, falls within the exception. Furthermore, as previously indicated, the jury returned a verdict in favor of all the defendants, including Reynolds, on the negligent or wanton operation count. When the foregoing principles are applied to the jury's verdict, it is clear that Reynolds was found free of any culpable conduct resulting in injury to the decedent; such a finding would prevent a finding of liability of the entrustors, the corporate defendants, on a theory of negligent entrustment. Bonds v. Busler, supra. Because of the jury's finding, implicit in its verdict of a lack of culpable conduct on the part of Reynolds, the error committed by the trial court in granting the motion in limine was rendered harmless. Consequently, the judgment of the trial court is hereby affirmed.
AFFIRMED.
MADDOX, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.
FAULKNER, JONES and ADAMS, JJ., dissent.
JONES, Justice (dissenting).
I respectfully dissent as to the application of the "harmless error" rule. If the result of this decision, dictated by application of the "harmless error" rule, is measured by pure logic, it is correct; but, when the result is tested by the requisite degree of fundamental fairness, it is not correct. To be sure, its logic is simple and absolute. The premises: 1) The entrustee's culpable conduct must proximately cause the injury in order to fix liability for negligent entrustment; and 2) the jury found no liability on behalf of the entrustee. The conclusion: Therefore, the error in excluding material evidence against the entrustors is harmless.
Now, let us apply the fundamental fairness test: The case went to trial against all named Defendants, including the driver and the allegedly negligent entrustors. Admittedly, the trial judge could have required separate trials to avoid potential prejudice to the driver, or he could have given limited jury instructions upon admitting the proffered evidence; but he did neither. The Plaintiff's proffered evidence of negligent entrustment against the entrustors was erroneously excluded. Unquestionably, this error, precluding lawful evidence, injected the element of basic unfairness into the entire trial as against the entrustors.
Once the Plaintiff was put to trial against all Defendants, he was entitled to a fair trial; he, in fact, received an unfair trial. Query: Does the jury's verdict (coming as it did at the conclusion of an unfair trial) restore fairness simply because, by hindsighting the jury's finding of no liability on the part of the driver, one can conclude that the entrustors cannot be liable? Maybe it was just such an anomaly that caused Justice Holmes to comment in one of his treatises: "The life of the law has not been logic: it has been experience." O.W., Jr., Holmes, The Common Law, p. 1 (1881)
The application of abstract logic may produce "harmless error"; but the application *1147 of a sense of basic fairness, in my opinion, mandates that the only way to get this case back on track and afford all the parties a fair trial is to reverse the judgment and remand the cause for a new trial as to each of the Defendants. For a case substituting fundamental fairness for pure logic, see Price v. Southern Railway Co., 470 So.2d 1125 (Ala.1985), holding that the application of the amendment rule (A.R.Civ.P. 15), under the circumstances, would be unjust.