This appeal is from the Circuit Court of Jefferson County, where a jury returned a verdict in favor of the defendant John DiPiazza, Jr. We affirm the judgment of the trial court for both defendants.
On January 4, 1983, Elizabeth Wilder filed a three-count complaint against John DiPiazza, Jr., and John DiPiazza, Sr., alleging that the son negligently or wantonly drove a car into the plaintiff's vehicle, resulting in property damage and personal injuries to her. Wilder's third count contained *Page 1092 
a theory of negligent entrustment against the father. After filing motions to dismiss, which were denied, both defendants filed responsive pleadings, generally denying the allegations and raising the affirmative defenses of contributory negligence and assumption of the risk. The son also filed a counterclaim for property damage to his car. After discovery was completed, the father moved for summary judgment, which was denied.
On April 2, 1984, the defendants filed a motion for separate trials of the claim against the father (negligent entrustment) and the claims against the son (negligence and wantonness). The motion was denied. However, prior to striking the jury, the motion was renewed and granted by the court after oral argument. The court also dismissed the wantonness count and the counterclaim.
Trial commenced on July 23, 1984, on the negligence claim against the son, and after three days of testimony, the plaintiff rested. The defendant son moved for a directed verdict, which the court denied. The jury returned a general verdict in favor of the defendant son. The court entered judgment for both defendants. Consequently, the claim against the father was not tried. The plaintiff moved for a new trial; the motion was denied, and this appeal followed.
On appeal, Wilder raises five issues for our consideration. We briefly consider each issue in turn.
 (1) Whether the trial court's separation of the claims against the DiPiazzas, Jr. and Sr., for trial purposes was an abuse of discretion.
Under the Alabama Rules of Civil Procedure, the trial court may order a separate trial of any claim or issue "in furtherance of convenience or to avoid prejudice. . . ." A.R.Civ.P. 42 (b). Generally, trial judges have broad discretion to order separate trials. Robinson v. ComputerServicenters, Inc., 360 So.2d 299 (Ala. 1978).
In the present case, Wilder joined the negligence claim against the son with the entrustment claim against the father. In the entrustment claim, Wilder would have had to prove the incompetence of the son as an element of the claim to show that the father knew or should have known of his son's incompetence and was thereby negligent in the entrustment. See, e.g., Bruckv. Jim. Walter Corp., 470 So.2d 1141, 1143 (Ala. 1985); Kellerv. Kiedinger, 389 So.2d 129, 133 (Ala. 1980). To show this, Wilder would have been permitted to bring forth evidence of the son's prior experience, such as his driving record. See,Thompson v. Havard, 285 Ala. 718, 235 So.2d 853 (1970). However, in the negligence claim against the son, this same evidence is barred by the general rule that evidence of similar prior acts of negligence is inadmissible on the issue of negligence at the time of the injury complained of in the suit.Bruck, supra, at 1144; 29 Am.Jur.2d Evidence § 315 (1967). It is obvious, then, that if these two claims were joined at trial, the son might have been prejudiced by the inadmissible evidence. The trial court's solution to this dilemma — separating the claims for trial — was appropriate under A.R.Civ.P. 42 (b) and was not an abuse of discretion. See,Bruck, supra.
 (2) Whether the defendant's objection to the treating physician's testimony about the percentage of his patients fully recovering from oral surgery was properly sustained.
It was not reversible error to exclude this evidence, as it was totally immaterial to the issues involved in this case. C. Gamble, McElroy's Alabama Evidence § 21.01 (b) (3d ed. 1977).
 (3) Whether the defendant's objection to evidence of the cost of repairs to the automobile he was driving was properly sustained.
The trial court did not abuse its discretion by sustaining the defendant's objection to evidence as to the cost of repairs to the automobile. Wilder argues that the evidence was intended to impeach the defendant son's testimony of his speed prior to the accident. However, this evidence regarding repair costs would have had little *Page 1093 
probative value in establishing the defendant's speed at the time of the collision. Also, the evidence would draw attention from the main inquiry, and it was, thus, within the trial court's discretion to disallow the evidence.
 (4) Whether the trial court properly denied Wilder's motion for a new trial.
No ground of a motion for a new trial is more carefully scrutinized or more rigidly limited than that the verdict is against the weight of the evidence. Cooper v. Peturis,384 So.2d 1087, 1089 (Ala. 1980). Verdicts supported by any competent evidence are presumed correct, and that presumption is strengthened when the new trial motion is denied by the trial court. Guthrie v. McCauley, 376 So.2d 1373, 1374 (Ala. 1979). A jury verdict will not be disturbed on appeal on the ground that it is contrary to the evidence unless the evidence clearly convinces the court that it is wrong and unjust.Guthrie, supra.
After the jury returned a verdict for the defendant, Wilder filed a motion for a new trial on the grounds that the verdict was contrary to the weight of the evidence. The trial court denied this motion, and Wilder claims the denial was error. We disagree, as there is sufficient evidence in the record to support both the jury's verdict and the subsequent denial of Wilder's motion for a new trial.
 (5) Whether the trial court was correct in disallowing questions on home ownership during jury voir dire.
According to the Alabama Code, the trial court has the duty to determine whether a juror possesses the qualifications required by law. Code 1975, § 12-16-6. The qualification relevant to this appeal is that the prospective juror must be a "resident of the county for more than 12 months." Code 1975, §12-16-60 (a)(1). After qualification by the court, jurors undergo examination by the parties or the court; if the latter course is followed, then the court "shall permit the parties . . . to supplement the examination as may be proper." A.R.Civ.P. 47 (a). In Alabama Power Co. v. Bonner, 459 So.2d 827 (Ala. 1984), this Court stated:
 "`[E]ach party has the right to have questions formulated by it propounded to the jury, either by the court or by the party as the court may determine, if such questions reasonably relate under the circumstances to the question of the qualification or interest or bias on the part of the prospective jurors.'"
459 So.2d at 833, quoting Griffin v. State, 383 So.2d 873
(Ala.Crim.App. 1980). Although voir dire is not confined to matters which disqualify a juror, but extends to any matter which might tend to affect the verdict, the scope of examination is left largely to the discretion of the trial judge. 459 So.2d at 832.
In the case below, Wilder's counsel attempted to ask on voir dire the following question concerning homeownership:
 "MR. CHAMBLEE: I'll go through again and ask you individually, just go through and you can nod your head or just say yes or no and I will ask if you either — I'm going to ask you if you own your home or are buying your home? I am not concerned — I will rule out by that rental or whatever. . . ."
The trial court, however, refused to allow the question on the basis that it was not a relevant avenue of inquiry. According to Wilder, the question is based on § 12-16-150 (1), which reads:
 "It is good ground for challenge of a juror by either party:
 "(1) That the person has not been a resident householder or freeholder of the county for the last preceding six months."
Code 1975, § 12-16-150 (1). We agree with the trial court in this case that the question propounded did not reasonably relate under the circumstances to the question of qualification or interest or bias on the part of the prospective jurors, especially since the court had already inquired into the subject during the qualification stage. *Page 1094 
Because the trial court ruled properly on all issues raised in this appeal, we affirm the judgment below.
AFFIRMED.
TORBERT, C.J., and MADDOX and HOUSTON, JJ., concur.
JONES, J., concurs in the result.