ADAMS, Justice.
The plaintiffs, Cora and John Glover, appeal from a summary judgment in favor of the defendants on the plaintiffs’ claim that defendant Charles Cason had negligently entrusted an automobile to his daughter, the defendant Lea Cason, and that that negligent entrustment had resulted in an automobile accident in which Cora Glover was injured.[1] The Glovers also appeal from a judgment based on a directed verdict on their wantonness claim, and they contend that the trial court erred in refusing to allow certain documents into evidence. They further argue that the trial court erred in refusing to read to the jury certain requested instructions.
First, we note that the jury rendered a verdict in favor of Lea Cason on the plaintiffs’ claim that she had been negligent in causing the accident. That verdict cured any error that might have occurred in entering the summary judgment in favor of Charles Cason with regard to the negligent entrustment claim.[2]
“One who entrusts a motor vehicle to an incompetent driver may be liable for any damages proximately resulting therefrom. Bruck v. Jim Walter Corp., 470 So.2d 1141 (Ala.1985). Since we are holding that the jury could have reasonably concluded from the evidence that [the defendant driver] acted in a reasonably safe and prudent manner, and did not proximately cause [the plaintiff’s] alleged injuries, we must also hold that the plaintiff’s claims against [the driver’s parents], premised on a negligent en-trustment theory, must fail. The jury verdict in favor of [the defendant driver] eliminates any need for separate review of the propriety of the summary judgment in favor of [the driver’s parents, the entrustors].”
Ashbee v. Brock, 510 So.2d 214, 216 (Ala.1987).
Next, the Glovers claim that the trial judge erred in directing a verdict against the Glovers’ wantonness claim. The record indicates that the Glovers presented no evidence that Lea Cason operated her vehicle in a wanton fashion. At best, the jury could have decided — but did not so decide — that Lea Cason had been negligent in the operation of her automobile at the intersection where the accident occurred. Evidence of negligence is not sufficient to warrant the submission of a wantonness claim to the jury. See Partridge v. Miller, 553 So.2d 585, 588 (Ala.1989).
We have considered the Glovers’ other arguments and find them to be without merit.
AFFIRMED.
HORNSBY, C.J., and ALMON, STEAGALL and INGRAM, JJ., concur.

. John Glover, the husband of Cora Glover, made a derivative claim for loss of consortium.

. Our determination that any possible error was cured when the jury absolved Lea Cason of negligence should not be taken to mean that the entry of the summary judgment in favor of Charles Cason was, in fact, error.