**Debra Ann POPLIN, Plaintiff,**

v.

**BESTWAY EXPRESS, Daniel L. Billau, et. al., Defendants.**

**No. CIV.A. 02–A–1232–N.**

United States District Court, M.D. Alabama, Northern Division.

Oct. 6, 2003.

Guy R. Willis, Guy R. Willis & Associates, Millbrook, AL, for Debra Ann Poplin, plaintiff.

K. Donald Simms, Joseph E.B. Stewart, Austill Lewis & Simms PC, Birmingham,

AL, for Bestway Express, Daniel Lincoln Billiau, defendants.

Cecil Fuller, Cornersville, TN, pro se.

### MEMORANDUM OPINION AND ORDER

ALBRITTON, District Judge.

### I. FACTS AND PROCEDURAL HISTORY

This case is before the court on a Motion for Partial Summary Judgment filed by the Defendant, Bestway Express ("Bestway") on May 16, 2003 (Doc. # 51).

The Plaintiff, Debra Ann Poplin ("Poplin"), filed a Complaint in the Circuit Court of Montgomery County, which included claims against Bestway for negligence (Count Two), negligent supervision (Count Seven), negligent hiring (Count Eight), negligent training (Count Nine), negligent entrustment (Count Ten), and negligent retention (Count Eleven), along with several other claims not relevant to this motion. Bestway removed the case to this court on the basis of diversity jurisdiction. Poplin did not file a motion to remand.

Poplin's claims stem from an automobile accident which occurred on July 11, 2002. During the accident in question, Poplin was driving her vehicle in a northerly direction on U.S. Highway 231. Daniel Billau ("Billau"), an agent of Bestway, also was driving a vehicle in a northerly direction on U.S. Highway 231. Poplin alleges that the vehicle Billau was driving struck the rear end of her vehicle causing her injury. Bestway acknowledges that at the time of the accident, Billau was acting within the scope of his agency. (Def.'s Mot. Summ. J. at 2).

Bestway moved for partial summary judgment on the negligence claims in Counts Seven, Eight, Nine, Ten, and Eleven.

For the reasons to be discussed, the Motion for Partial Summary Judgment is due to be DENIED as to all counts.

### II. SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323, 106 S.Ct. 2548. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing, or pointing out to, the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322–324, 106 S.Ct. 2548.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S.Ct. 2548. To avoid summary judgment, the nonmoving party "must do more than show that there is some metaphysical doubt as to the materi-

al facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). On the other hand, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in its favor. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

## III. *DISCUSSION*

Bestway submits that because Billau was admittedly acting as Bestway's agent and within the scope of his employment at the time of the accident, respondeat superior applies and Poplin's claims of negligent supervision, hiring, training, entrustment, and retention are subsumed in her general negligence claim against Bestway. According to Bestway, the court must grant summary judgment in Bestway's favor as to the negligent supervision, hiring, training, entrustment, and retention claims.

The Alabama Supreme Court has not addressed the issue at hand. This court must apply Alabama law to decide the issue. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Alabama recognizes the torts of negligent entrustment, negligent hiring, negligent supervision, negligent training, and negligent retention. *Bruck v. Jim Walter Corp.*, 470 So.2d 1141, 1143 (Ala.1985) (outlining elements of negligent entrustment), *CP & B Enters., Inc. v. Mellert*, 762 So.2d 356, 362 (Ala.2000) (recognizing torts of negligent hiring, supervision, and retention), *Big B. Inc. v. Cottingham*, 634 So.2d 999, 1002–3 (Ala.1993) (affirming denial of directed verdict for defendant on claims of

negligent supervision and training). Alabama also recognizes that a corporation or employer may be liable for the torts of its employees under the doctrine of respondeat superior. *Pryor v. Brown & Root USA. Inc.*, 674 So.2d 45, 47–8 (Ala.1995).

Alabama has not taken a position on whether once a corporation admits the alleged tortfeasor is its agent, acting within the scope of his or her agency, the torts of negligent entrustment, hiring, supervision, training, and retention are subsumed by the negligence claim against the corporation. There is a clear division in the various jurisdictions of the United States as to whether a plaintiff is allowed to proceed under alternate theories of recovery once the defendant admits liability under respondeat superior.

Many state courts and federal courts applying state law have held that it is improper to allow a plaintiff to proceed under two theories of recovery once the corporation admits that the alleged tortfeasor was its agent acting with the scope of his employment. *See* Debra E. Wax, Annotation, *Propriety of Allowing Person Injured In Motor Vehicle Accident to Proceed Against Vehicle Owner Under Theory of Negligent Entrustment Where Owner Admits Liability Under Another Theory of Recovery*, 30 A.L.R.4th 838 (1984). This position appears to be the majority view. *See, e.g., McHaffie v. Bunch*, 891 S.W.2d 822, 826 (Mo.1995), *Bowman v. Norfolk & Southern Ry.*, 832 F.Supp. 1014, 1021 (D.S.C.1993), *Southern Pac. Transp. Co. v. Builders Transp., Inc.*, 1993 WL 185620 (E.D.La.1993).

Many of the jurisdictions which follow the majority view have faced issues related to the evidence involved in proving each claim. For example, if the underlying incident is a car accident, an employee's driving record is relevant evidence in a negligent entrustment claim, but is inadmissible

and prejudicial in a negligence claim that rests on a theory of respondeat superior. The majority view posits that once an employer admits agency, it is only necessary for a plaintiff to show the negligence of the driver and unnecessary to pursue the alternate theory of negligent entrustment in order to hold the employer liable. *Hackett v. Washington Metro. Area Transit Auth.*, 736 F.Supp. 8, 9 (D.D.C.1990) (discussing *Houlihan v. McCall*, 197 Md. 130, 78 A.2d 661 (1951)). The majority view reasons that negligent entrustment imposes no additional liability on an employer and therefore the desirability of allowing a plaintiff to proceed with the claim is outweighed by the prejudice to the defendants inherent in allowing the claim. *Elrod v. G & R Constr. Co.*, 275 Ark. 151, 628 S.W.2d 17, 19 (1982). Consequently, the majority view holds that a plaintiff may not proceed on both claims.

Other jurisdictions have acknowledged the majority rule but decided that an admission of liability does not preclude an action for both respondeat superior and negligent entrustment, training, hiring, retention, or supervision. *See, e.g.* Wax, 30 A.L.R.4th 838, *Marquis v. State Farm Fire & Cas. Co.*, 961 P.2d 1213, 1224–25 (Kan.1998), *Lim v. Interstate Sys. Steel Div. Inc.*, 435 N.W.2d 830 (Minn.1989). These jurisdictions reason that liability under theories of negligent entrustment, hiring, supervision, training, and retention the employer's liability is direct and not derivative. *Marquis*, 961 P.2d at 1225. These theories do not rest on the employer-employee relationship, but rather involve the employer's own negligence in entrusting, hiring, supervising, training, or retaining an employee with knowledge, ei-

ther actual or constructive, that the employee posed a risk of harm to others. *Kansas State Bank & Trust Co. v. Specialized Transp. Servs., Inc.*, 249 Kan. 348, 819 P.2d 587, 589 (1991). Therefore, a plaintiff must be allowed to proceed under both respondeat superior, a theory of imputed liability, and negligent entrustment, hiring, supervision, training, retention, theories of direct liability, when the employer admits the agency of the alleged tortfeasor. *Marquis*, 961 P.2d at 1225.

■ Although Alabama has not ruled on the specific issue at hand, available case law indicates that the Alabama Supreme Court would hold the torts of negligent entrustment, hiring, training, supervision, and retention as distinct from a negligence claim based on the theory of respondeat superior when the defendant admits liability. *Bruck v. Jim Walter Corp.*, 470 So.2d 1141, 1142 (Ala.1985), presented a similar factual situation to the present case. In *Bruck*, the plaintiff brought claims of negligent or wanton operation of a vehicle and negligent or wanton entrustment of a vehicle against the driver's employer. *Id.* The corporate defendants "admitted" that the driver was "acting as an agent for the corporate defendants at the time of the accident." *Id.* Therefore, the corporate defendants admitted agency and that the driver was acting within the scope of that agency.[1] The defendants filed a motion in limine to exclude evidence of the driver's driving record because it was inadmissible as to the negligence claim. *Id.* The Alabama Supreme Court held that the lower court had erred in granting the corporate defendants' motion in limine. *Id.* at 1145

---

1. Although Bestway submits in its Motion that in *Bruck* there was no admission that the agent was acting within the scope of his agency, the quoted language states that the agent was "acting" as an agent "at the time of the accident." The court interprets this language, that the agent was *acting* as an agent at the time of the accident, to mean that the agent was performing duties within the scope of his agency.

The *Bruck* court noted that the tort of negligent entrustment "does not arise out of the relationship between the parties but rather is an independent tort resting upon the negligence of the entrustor in entrusting the vehicle to an incompetent driver." *Id.* at 1143. Thus, the plaintiff in *Bruck* was allowed to proceed on two separate and distinct counts. *Id.* at 1143–44. The court held that the driving record, while perhaps prejudicial and inadmissible to the negligence claim, was relevant to the claim of negligent or wanton entrustment. *Id.* In order to prove negligent or wanton entrustment, the plaintiff must show that the entrustor had knowledge of the driver's incompetence and the driving record goes to this knowledge. *Id.* While the evidence to prove the claims is different, the Alabama Supreme Court did not choose to solve this problem by merging the negligent entrustment claim into the respondeat superior theory of liability. Rather, the court advised that courts must take the necessary measures to prevent prejudice caused by evidence of one claim in relation to the other.

Further addressing the Alabama approach to the issues of allowing the separate claims, the Alabama Rules of Evidence provide guidance as to how the Alabama state courts should treat such evidentiary issues. The Advisory Committee's Notes for Rule 105, Limited Admissibility, address the situation where evidence may be admissible for some limited purpose in the case and not admissible for other purposes. The Notes specifically mention cases involving both negligent entrustment and negligence of the actual tortfeasor as a situation in which limited admissibility is appropriate and cites *Bruck* as an example of such a situation. Ala. R. Evid. 105. Similarly, a limiting instruction would be available under Fed.R.Civ.P. 105, which would govern in the trial of this case. Additionally, in the present case, the court will consider a motion to bifurcate the trial on the separate issues if the evidence in support of the negligent entrustment claim is prejudicial to the negligence claim. *See Wilder v. DiPiazza*, 481 So.2d 1091, 1092 (Ala.1985) (holding that trial court did not err in separating negligent entrustment and negligence claims for trial).

In light of the Alabama Supreme Court's decision in *Bruck*, the precedent of the Alabama Supreme Court indicates that Alabama would adhere to the minority view in this situation. Alabama has recognized negligence under a respondeat superior theory and theories of primary employer liability as separate causes of action, whether the employer admits liability for the employees actions or denies agency. As Bestway has not raised any other grounds for summary judgment, this court concludes that under Alabama law, the Defendant's motion for summary judgment is due to be DENIED.

## IV.  CONCLUSION

The court concludes that the Plaintiff may proceed on her claims of negligent entrustment, hiring, supervision, training, and retention. Therefore, the Defendant's Motion for Partial Summary Judgment is due to be and is hereby ORDERED DENIED.