Kenneth Kyung–Rae LIM, as Trustee for the Heirs of Jane Lim, et al., Decedents, Plaintiff (C3–88–1080),

Yong Jin Choi, Plaintiff (C5–88–1081),

Young Woong Yang, Trustee for the Heirs of Kwi Song Yoon, et al., Decedents, Respondent (C7–88–1082),

Tamara L. McConkey, as Trustee for the Heirs and Next of Kin of Soo–Hyang Yoon Lim, Respondent (C9–88–1083),

Soo Chang Yoon, as Personal Representative of the Estate of Soon–Hyang Yoon Lim, Respondent (C9–88–1083),

v.

INTERSTATE SYSTEM STEEL DIVISION, INC., et al., Appellants (C3–88–1080, C7–88–1082, C9–88–1083),

Soo Chang Yoon, as Personal Representative of the Estate of Soo–Hyang Yoon Lim, Respondent (C3–88–1080, C5–88–1081, C7–88–1082),

Michael A. Engelhaupt, Jr., et al., Appellants (C5–88–1081).

Nos. C3–88–1080 to C9–88–1083.

Court of Appeals of Minnesota.

Feb. 21, 1989.
Review Denied April 19, 1989.

David L. Jensen, John T. Buchman, Jensen, Hicken, Gedde & Soucie, Anoka, for Young Woong Yang, Trustee for the Heirs of Kwi Song Yoon, et al., Decedents.

William P. Luther, Luther, Ballenthin & Carruthers, Minneapolis, for Tamara L. McConkey, as Trustee for the Heirs and Next of Kin of Soo–Hyang Yoon Lim.

Bruce D. Elliott, Cousineau, McGuire, Shaughnessy & Anderson, Minneapolis, for Soo Chang Yoon, as Personal Representative of the Estate of Soo–Hyang Yoon Lim.

Gary W. Hagstrom, William M. Hart, Meagher, Geer, Markham, Anderson Adam-son, Flaskamp & Brennan, Minneapolis, for Interstate System Steel Division, Inc., et al.

Heard, considered and decided by KALITOWSKI, P.J., and LANSING and FLEMING,* JJ.

## OPINION

LANSING, Judge.

Michael Engelhaupt, Gaylon Mills, and Interstate System Steel Division, Inc. (collectively "appellants") appeal from judgments entered in consolidated wrongful death and personal injury actions which arose from the same car/truck collision. Appellants seek review of the trial court's denial of their motion for a new trial, which challenged evidentiary rulings and jury instructions. Respondents Yang and McConkey request a new trial on future damages based on the repeal of the discount statute, Minn.Stat. § 604.07, and respondent Soo Chang challenges the adequacy of the supersedeas bonds posted by appellants.

## FACTS

These consolidated appeals arose from a two-vehicle accident that occurred in August 1983 at the intersection of Highways 212 and 71 near Olivia, Minnesota. Traveling east on Highway 212, Soo Lim was returning to Minnesota from Yellowstone Park with her father, sister, two children, and a friend. Michael Engelhaupt was driving an 18–wheel semi south on Highway 71. Engelhaupt was driving for Interstate, which leased the truck from Gaylon Mills. Engelhaupt was employed by Mills, who received a percentage of the gross revenue from each load.

Highway 71 forms a "T" intersection with Highway 212. Traffic on Highway 71 is controlled by a stop sign. Highway 212 is a through highway with no stop sign, and traffic on Highway 212 has the right-of-way over traffic entering from Highway 71.

Just prior to the accident, Soo Lim negotiated an S-curve on Highway 212, west of the intersection. Engelhaupt's truck, turn-

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

ing east onto Highway 212, was not illuminated by Soo Lim's headlights until two or three seconds before impact. Soo Lim's car was straddling the centerline as she collided with the rear of Engelhaupt's truck at a speed between 49 and 55 m.p.h.

Expert witnesses testified that Soo Lim would not have had time to react and avoid the crash once her headlights illuminated Engelhaupt's truck. Further testimony established that Engelhaupt would have been able to see Soo Lim's car 23 to 24 seconds before impact, and that it would take between 9 and 13 seconds for Engelhaupt to pull out from the stop sign to the point of impact.

Five of the six occupants of Soo Lim's car were killed in the crash: Soo Lim, her father Tae Yong Yoon, her sister Kwi Song Yoon, and her two children, Jane and Daniel Lim. The sixth occupant of the car, Yong Jin Choi, was seriously injured.

Tests taken after the crash revealed the presence of four stimulants in Engelhaupt's urine in concentrations exceeding the therapeutic dose. One was a controlled substance, phentermine, for which Engelhaupt did not have a prescription. The jury found appellants collectively 90% at fault and Soo Lim 10% at fault.

## ISSUES

1. Did the trial court err in admitting evidence on the issue of negligent entrustment despite appellants' concession of vicarious liability?

2. Did the trial court's instructions on vicarious liability constitute prejudicial error?

3. Did the trial court err by failing to submit a separate question to the jury on negligent entrustment, or in requiring the jury to assign a collective percentage of fault to Engelhaupt, Mills, and Interstate?

4. Did the trial court err by receiving hearsay evidence of Kwi Song's and Soo Lim's pledges to tithe 10% of their income to their brother Soo Kang?

## ANALYSIS

### I. Negligent Entrustment

The trial court permitted the introduction of evidence to support a claim of negligent entrustment. The evidence established that in April 1983, while driving a truck as Mills' employee, Engelhaupt received a ticket in Texas for driving over the centerline. The ticketing officer testified that he found two bottles of pills in Engelhaupt's truck and arrested him. Engelhaupt was released on bail posted by Mills, and all charges were dismissed except the traffic offense. One of the 182 pills found contained a controlled substance. The rest contained caffeine and other uncontrolled stimulants.

Appellants contend that evidence of Engelhaupt's earlier possession of pills was improperly admitted because Mills concedes vicarious liability by virtue of the employment relationship. Under appellants' view of the law, the theories of negligent entrustment and respondeat superior are *alternative* methods of determining *vicarious* liability. They reason that under both theories a plaintiff's right to recover is measured by, and limited to, the percentage of fault assigned to the entrustee/employee, and that an entrustor/employer's stipulation that the entrustee/employee was acting within the course and scope of employment renders all evidence of negligent entrustment irrelevant and prejudicial.

■ In Minnesota negligent entrustment has been defined as a separate wrongful act when the negligence of the driver is reasonably foreseeable and the entrustor fails in the duty to take steps to prevent operation of the vehicle by the driver. *Jones v. Fleischhacker*, 325 N.W.2d 633, 640 (Minn.1982) (entrustee found 68% causally negligent, entrustor found both 10% causally negligent and vicariously liable for entrustee's negligence).

■ In order to hold an entrustor liable to an injured third party, the entrustor's negligence must be accompanied by negligence on the part of the entrustee, *Axelson v. Williamson*, 324 N.W.2d 241, 244 (Minn.

1982), but the entrustor's duty runs directly to those who might be put at risk as a result of the negligent entrustment. *Illinois Farmers Insurance Co. v. Tapemark Co.*, 273 N.W.2d 630, 634–35 (Minn.1978). As stated by Prosser,

> Once it is determined that the [person] at work is a servant, the master becomes subject to vicarious liability for his torts. He may, of course, be liable on the basis of any negligence of his own in selecting or dealing with the servant.

W. Keeton, D. Dobbs, R. Keeton, & D. Owen, *Prosser & Keeton on the Law of Torts* § 70 at 501–502 (5th ed. 1984).

Several jurisdictions have considered the propriety of allowing a person injured in a motor vehicle accident to proceed against the vehicle owner under a theory of negligent entrustment when the owner admits liability under another theory of recovery. The majority excludes evidence of negligent entrustment unless the theory imposes additional liability, such as punitive damages. *See* 30 A.L.R.4th 838 (1984). Although punitive damages were sought in this case, the court's bifurcation of the trial and respondents' decision not to renew the punitive damage request may have removed this issue. However, Minnesota's recognition of potential added liability, separate from punitive damages, suggests inapplicability of the general rule.

At least three other jurisdictions have held that it is proper to permit the injured party to proceed under multiple theories of recovery, irrespective of a request for punitive damages. *See Clark v. Stewart*, 126 Ohio St. 263, 185 N.E. 71 (1933) (negligent entrustment and respondeat superior). *See also Perin v. Peuler*, 373 Mich. 531, 130 N.W.2d 4 (1964) (negligent entrustment and owner liability statute); *Hardwick v. Bublitz*, 254 Iowa 1253, 119 N.W.2d 886 (1963) (negligent entrustment and owner liability statute).

Because we interpret Minnesota law to permit a plaintiff to proceed under both theories, we believe the trial court properly allowed admission of the previous incident and properly instructed on direct and concurrent causes. Under the instruction, evidence of Mills' act of negligence in entrusting the truck to Engelhaupt could properly be considered by the jury as a separate act of negligence which concurred with Engelhaupt's negligence in causing the accident. Because of this analysis we do not examine what prejudice, if any, occurred from the admission of evidence on the previous incident, given the overwhelming evidence of improper drug consumption in the present instance.

## II.   Jury Instructions

The trial court instructed the jury that because it was undisputed that Engelhaupt was driving within the course and scope of his employment with Mills and with the consent of Interstate, a finding of fault on the part of Engelhaupt required a finding that Mills and Interstate "were also negligent and that [their] negligence was a direct cause of the accident." The court should have used the words "liable" and "liability" rather than "negligent" and "negligence." Liability is the correct concept because the court was instructing on vicarious liability imputed under theories of respondeat superior (Mills) and permissive use (Interstate).

However, a misstatement in a jury instruction requires reversal only if the error was prejudicial. *Becker v. Alloy Hardfacing and Engineering Co.*, 401 N.W.2d 655, 659–60 (Minn.1987). Because the trial court's other instructions on negligence were clear and accurate and because as a whole they convey a clear and correct understanding of the law, a new trial is not appropriate. *Smith v. Kahler Corp., Inc.*, 297 Minn. 272, 282, 211 N.W.2d 146, 153 (1973).

## III.   Form of Special Verdict

Question 5 of the special verdict form required the jury to apportion fault between Soo Lim and Engelhaupt, Mills, and Interstate, collectively. The jury found Soo Lim 10% at fault and appellants collectively 90% at fault. Interstate would, of course, be vicariously liable for the percentage of fault attributable to Engelhaupt's negligence. Mills would also be vicariously

liable for Engelhaupt's negligence *and* independently liable for his own negligence on the negligent entrustment claim. Earlier questions on the verdict form inquired as to the direct negligence of Soo Lim and Engelhaupt, but the jury was not asked to separately determine Mills's percentage of liability for negligent entrustment.

In cases with multiple tortfeasors, distinct acts of each which directly cause the damages must be independently considered to determine the number of tortfeasors who are liable for contribution. Where one or more of such defendants is liable solely on the basis of negligence imputed to him by virtue of his relationship with one of the other tortfeasors, the one guilty of negligence and the one to whom that negligence is imputed are to be treated as one party for the purpose of measuring the pro rata share of contribution due to the others.

*Reese v. Henke*, 286 Minn. 145, 149–50, 174 N.W.2d 690, 693 (1970).

■ In this case, we cannot determine whether Mills' liability is purely vicarious, imputed to him on the basis of respondeat superior, or whether Mills' liability is to some extent independent, based on negligent entrustment. However, appellants are represented by the same attorney and apparently have the same insurer. Because appellants stated at oral argument that there is no dispute between them on contribution, remand is not required.

### IV. Hearsay Evidence

The jury awarded damages to Kwi Song's and Soo Lim's three brothers for the future loss of the "advice, comfort, assistance, companionship and support" of their sisters. Interstate claims that the trial court's admission of hearsay evidence that Kwi Song and Soo Lim both pledged to tithe 10% of their income to their brother Soo Kang, a Christian minister in Korea, constituted prejudicial error and requires a new trial on damages.

The trial court admitted evidence of these pledges under Minn.R.Evid. 804(b)(5), the "catch-all" exception to the hearsay rule. The deaths of the sisters obviously made them unavailable as witnesses, a prerequisite to Rule 804. The hearsay statements were offered as evidence of a material fact, and no other evidence on the pledges was available.

■ Determinations as to the admissibility of evidence are left to the discretion of the trial court, *Colby v. Gibbons*, 276 N.W. 2d 170, 175 (Minn.1979), and we see no abuse of discretion in admitting the evidence. Expert testimony established that the pledges are consistent with the traditional Korean family relationship, which encourages all members of a family to assist and support one another as needed. Well-documented evidence of Soo Lim's past assistance and support to members of her family provides evidence of trustworthiness, as does evidence of the relationship between Soo Kang and Kwi Song.

On appeal Interstate argues that the pledges to Soo Kang were actually to his church, and that donations to a church are not an element of pecuniary loss to heirs. Interstate did not raise this objection at trial, in its post-trial motion, or in its notice of appeal. The issue may not be raised for the first time on appeal. *Republic National Life Insurance Co. v. Lorraine Realty Corp.*, 279 N.W.2d 349, 355 n. 2 (Minn. 1979).

The final issues of applicability of the discount statute and adequacy of the supersedeas bond are no longer significant. At oral argument both Yang and McConkey agreed to waive a determination on the effect of the repeal of the discount statute unless a new trial is granted. Because we do not remand for a new trial, it is unnecessary to reach the issue.

By his notice of review, Soo Chang, as personal representative of the estate of Soo Lim, requested remand for an order "to require * * * Appellants Engelhaupt and Mills to post a bond in an amount sufficient to cover the total judgment for which they are jointly and severally liable." Because no judgment was entered in favor of Soo Chang in his capacity as personal representative an additional bond cannot be im-

posed. *See* Minn.R.Civ.App.P. 108.01, subd. 3 (1986).

### DECISION

AFFIRMED.