**2021 UT 30**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

ANTHONY RAMON,
*Appellant,*

*v.*

NEBO SCHOOL DISTRICT,
*Appellee.*

No. 20190036
Heard February 8, 2021
Filed July 15, 2021

On Direct Appeal

Fourth District, Utah County
The Honorable Kraig Powell
No. 160401271

Attorneys:

Freyja Johnson, Emily Adams, Bountiful, for appellant

Sean D. Reyes, Att'y Gen., Peggy E. Stone, Asst. Solic. Gen.,
Salt Lake City, for appellee

JUSTICE PEARCE authored the opinion of the Court in which
CHIEF JUSTICE DURRANT, ASSOCIATE CHIEF JUSTICE LEE,
JUSTICE HIMONAS, and JUSTICE PETERSEN joined.

JUSTICE PEARCE, opinion of the Court:

## INTRODUCTION

¶1   A Nebo School District (Nebo or the school district) school bus filled with children turned in front of Anthony Ramon's car, causing a crash. Ramon sued Nebo, claiming that Nebo was liable for its driver's negligence under principles of respondeat superior. Ramon also claimed that Nebo was independently negligent because it continued to employ the driver even after he had been involved in multiple accidents. Nebo admitted it would be liable for the driver's actions under respondeat superior principles, but denied that its driver was negligent. Nebo later moved for judgment on the

pleadings of the negligent employment claim. Nebo argued that the employment claim was redundant with the negligence claim and that Ramon was not entitled to pursue a claim directly against it after it conceded vicarious liability. The district court granted that motion.

¶2    Ramon argues that the district court erred in two ways. Ramon posits that the motion for judgment on the pleadings was untimely and that the district court should have denied it on that basis. Ramon also avers that the district court's decision was incompatible with fundamental principles of Utah law and the Utah Liability Reform Act. We conclude that the district court did not abuse its discretion by entertaining the motion when it did, but it erred in granting it. We reverse.

## BACKGROUND

¶3    A Nebo bus driver, Duane Ludlow, turned the school bus he was driving in front of Ramon's car. The bus and car collided, injuring Ramon. Ramon alleges that even before the collision, Ludlow's driving record was far from pristine.[1] When he renewed his commercial driver license in 2007, 2009, 2012, and 2013, Ludlow was criticized for not stopping long enough before entering intersections, rolling past stop signs, and speeding around corners. In 2011, he hit a construction barrel, hit another car, and clipped a concrete headgate. And in 2013, a year prior to the collision with Ramon, Ludlow sideswiped several cars with a school bus.

¶4    Ramon sued Nebo. He brought a claim for negligence based on Ludlow's driving, and he sought to hold Nebo liable under the doctrine of respondeat superior. He also brought a claim for negligence based on Nebo's own conduct, asserting that Nebo acted negligently in its hiring, training, supervision, and retention of

---

[1] In fairness to Ludlow, against whom these allegations have been leveled, we remind the reader that when we talk about a motion for judgment on the pleadings, we take the factual allegations as true and consider them in the light most favorable to the non-moving party. *See Golding v. Ashley Cent. Irrigation Co.*, 793 P.2d 897, 898 (Utah 1990).

Ludlow, as well as its continued entrustment of school buses to Ludlow.[2]

¶5 In its answer to the complaint, Nebo admitted that the doctrine of respondeat superior applied. But it denied that Ludlow was negligent. The school district also contended that Ludlow had not caused the accident. In addition, Nebo raised a comparative negligence defense.

¶6 More than a year after it filed its answer, and two months before trial was scheduled to commence, Nebo moved for judgment on the pleadings. Nebo argued that, because it had admitted to respondeat superior liability, Ramon could not sustain a negligent employment claim alongside his negligence claim. Nebo also filed a motion *in limine* requesting that all evidence relating to the negligent employment claim be excluded from the trial.

¶7 Ramon opposed the motion, arguing that it was untimely. He also argued that, in Utah, a negligent employment action is distinct from an action seeking to hold an employer liable under respondeat superior.

¶8 The district court concluded that Nebo's motion for judgment on the pleadings was timely. It granted Nebo's motion, reasoning that "vicarious liability and negligent employment claims are concurrent forms of negligence; when one is proven, the other becomes obsolete and unnecessary." It further reasoned that Nebo's liability was "fixed by the amount of liability of its employee when vicarious liability is admitted, and it cannot be increased by [Ramon's] separate negligent employment claim."

¶9 At Ramon's request, the district court indefinitely continued the trial and therefore did not rule on Nebo's motion *in limine*. The court entered a final judgment under Utah Rule of Civil Procedure 54(b). Ramon appealed.

**STANDARD OF REVIEW**

¶10 We review the district court's determination that the motion on the pleadings was timely for abuse of discretion. *State v. Gonzalez*, 2015 UT 10, ¶ 21, 345 P.3d 1168. A district court's decision on a

---

[2] For ease in discussion, we refer to this claim as the "negligent employment claim," but it encompasses the multiple sub-types of employment-related claims the complaint alleges.

motion for judgment on the pleadings raises a legal issue that we review for correctness. *See Peck v. State*, 2008 UT 39, ¶ 7, 191 P.3d 4.

## ANALYSIS

### I. THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION WHEN IT FOUND THAT NEBO'S MOTION FOR JUDGMENT ON THE PLEADINGS WAS TIMELY

¶11 Ramon argues that Nebo's motion for judgment on the pleadings was untimely. Utah Rule of Civil Procedure 12(c) allows that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Ramon argues that the district court erred when it granted the motion because Nebo's motion delayed the trial. Ramon argues that the motion "resulted in the scheduled trial being indefinitely continued mere weeks before it was to begin."

¶12 Ramon neglected to include a detail in his analysis that Nebo helpfully points out: the trial was continued at Ramon's request. Ramon then asked the district court to certify the decision so that he could appeal the court's dismissal of the negligent supervision claim. That matters. Ramon cannot now argue the motion was untimely because it delayed the trial when he requested the delay. And Ramon offers nothing to suggest that the motion for judgment on the pleadings would have delayed the trial in the absence of Ramon's request to continue it. As such, Ramon has not met his burden of establishing that the district court acted outside the bounds of its discretion when it heard Nebo's motion.

### II. THE DISTRICT COURT ERRED IN DISMISSING RAMON'S NEGLIGENT EMPLOYMENT CLAIM

¶13 The district court granted Nebo's motion to dismiss Ramon's negligent employment claim, concluding that Nebo's admission that Nebo was vicariously liable for Ludlow's actions rendered the negligent employment claim superfluous. The district court reasoned that Ramon's vicarious liability and negligent employment claims "are concurrent forms of negligence," such that "when one is proven, the other becomes obsolete and unnecessary." It further concluded that because Nebo's liability "is fixed by the amount of liability of its employee when vicarious liability is admitted," Nebo's liability could not be increased by Ramon's negligent employment claim. It also reasoned that Ramon's negligent employment claim is "unfairly prejudicial" because it "creates a danger that a jury will assess [Nebo's] liability twice and award duplicative damages to [Ramon]."

¶14 Ramon argues this was error. He posits that he is entitled to proceed to trial on alternative claims. He also argues that the district court's ruling conflicts with the Utah Liability Reform Act (Act), which provides that a party can request to have fault allocated among multiple defendants and third parties. UTAH CODE § 78B-5-819(1). And he contends that denying him the chance to have the jury allocate fault between Ludlow and the school district violates the Act. Ramon is right.

### A. Ramon is Entitled to Proceed on Alternate Claims

¶15 Ramon first argues that he is entitled to proceed to trial on both his vicarious liability and negligent employment claims. In Ramon's view, the district court's ruling conflicts with the fundamental principle that the plaintiff is the master of her complaint. We agree.

¶16 "Our adversary system of justice relies on the parties to identify the 'claims' presented for judicial decision. At the trial court level, we treat the plaintiff as the 'master of the complaint.' That means that the plaintiff has the prerogative of identifying the claims or causes of action she seeks to sustain in court. And we honor the plaintiff's prerogative." *State v. Johnson*, 2017 UT 76, ¶ 67, 416 P.3d 443 (Lee, A.C.J., concurring in the judgment) (citation omitted). Our rules recognize this principle. A party asserting a claim "may join either as independent or as alternate claims as many claims . . . as he [or she] may have against an opposing party." UTAH R. CIV. P. 18(a).

¶17 Here, Ramon pled viable alternate claims of negligent employment and negligence. Contrary to Nebo's assertions, Ramon's negligent employment and negligence claims are not redundant. The two claims have distinct elements. And we have said that plaintiffs may proceed separately on both claims. *See J.H. ex rel. D.H. v. West Valley City*, 840 P.2d 115, 124 (Utah 1992).

¶18 In *J.H.*, a plaintiff sued West Valley City under various theories, including respondeat superior, negligent hiring, and negligent supervision, for the conduct of a West Valley City law enforcement officer. *Id.* at 117. After dismissing the respondeat superior claim, this court considered the claim for negligent hiring. *Id.* at 123–24. The court explained that, "[r]egardless of whether an employer may be held liable under the doctrine of respondeat superior, an employer may be directly liable for its acts or omissions in hiring or supervising its employees." *Id.* at 124.

¶19 Nebo argues that *J.H.* is distinguishable because West Valley City did not concede respondeat superior liability, as Nebo has in

this case. But even so, *J.H.* makes clear that negligent employment and respondeat superior claims are distinct. And because they are distinct claims, Ramon is entitled to assert them both if there is a factual basis for doing so.

¶20 Nebo counters with two main arguments in support of the district court's ruling. First, Nebo urges us to affirm the district court by adopting the "*McHaffie* rule." The *McHaffie* rule provides that "once an employer has admitted *respondeat superior* liability for a driver's negligence, it is improper to allow a plaintiff to proceed against the employer on any other theory of imputed liability." *McHaffie ex rel. McHaffie v. Bunch*, 891 S.W.2d 822, 826 (Mo. 1995). Nebo may be correct when it asserts that a majority of jurisdictions that have considered the question have adopted some form of the rule. *See, e.g.*, *Bogdanski v. Budzik*, 408 P.3d 1156, 1162–64 (Wyo. 2018); *Ferrer v. Okbamicael*, 390 P.3d 836, 844 (Colo. 2017); *Diaz v. Carcamo*, 253 P.3d 535, 540–44 (Cal. 2011); *Gant v. L.U. Transp., Inc.*, 770 N.E.2d 1155, 1159–60 (Ill. App. Ct. 2002); *Jordan v. Cates*, 935 P.2d 289, 293 (Okla. 1997); *Bartja v. Nat'l Union Fire Ins. Co. Pittsburgh*, 463 S.E.2d 358, 361 (Ga. Ct. App. 1995); *Wise v. Fiberglass Sys., Inc.*, 718 P.2d 1178, 1182 (Idaho 1986); *Clooney v. Geeting*, 352 So. 2d 1216, 1220 (Fla. Dist. Ct. App. 1977). But a sizeable number of other jurisdictions have reached the opposite conclusion and held that plaintiffs may proceed simultaneously on claims under theories of negligent employment and respondeat superior. *See, e.g.*, *MV Transp., Inc. v. Allgeier*, 433 S.W.3d 324, 336 (Ky. 2014); *James v. Kelly Trucking Co.*, 661 S.E.2d 329, 330–32 (S.C. 2008) (noting also that a plaintiff is not precluded from maintaining a negligent employment cause of action even "after an employer stipulates that it is vicariously liable for its employee's negligence"); *Poplin v. Bestway Express*, 286 F.Supp.2d 1316, 1320 (M.D. Ala. 2003); *Marquis v. State Farm Fire & Cas. Co.*, 961 P.2d 1213, 1224–25 (Kan. 1998); *Lim v. Interstate Sys. Steel Div., Inc.*, 435 N.W.2d 830, 832–33 (Minn. Ct. App. 1989); *Quinonez ex rel. Quinonez v. Andersen*, 696 P.2d 1342, 1346 (Ariz. Ct. App. 1984).

¶21 Jurisdictions that adopt the rule appear to be motivated, at least in part, by a belief that the rule prevents a plaintiff from enjoying a double recovery. *See, e.g.*, *Ferrer*, 390 P.3d at 845 ("[T]here is a danger that a jury will assess the employer's liability twice and award duplicative damages to the plaintiff if it hears evidence of both a negligence claim against an employee and direct negligence claims against the employer."). Nebo echoes this rationale in its briefing. The *McHaffie* rule is, however, a blunt instrument to deal with that potential issue. A district court has myriad other tools to address a potential double recovery: it can instruct the jury, provide

special verdict forms, or even remove the doubly-covered portion through post-trial motions. *See* UTAH R. CIV. P. 49, 51, 59, 60; *James*, 661 S.E.2d at 331 ("[T]he argument that the court must entirely preclude a cause of action to protect the jury from considering prejudicial evidence gives impermissibly short-shrift to the trial court's ability to judge the admission of evidence and to protect the integrity of trial, and to the jury's ability to follow the trial court's instructions."). As a result, refusing to allow a plaintiff to move forward with a well-pled claim is an unnecessarily harsh method to solve the problem that the *McHaffie* rule jurisdictions identify.

¶22 Some jurisdictions with the *McHaffie* rule also justify it as a bulwark against unfairly turning the jury against a party. *See, e.g.*, *Ferrer*, 390 P.3d at 845 ("[E]vidence necessary to prove direct negligence claims is likely to be unfairly prejudicial to the employee."). Nebo echoes this concern, predicting that the jury might be inflamed by the evidence that it continued to permit Ludlow to drive a school bus with knowledge of his apparently less-than-stellar driving record. Nebo claims that because it has admitted respondeat superior liability, any evidence of Ludlow's prior driving incidents serves only to prejudice the jury. It therefore urges us to adopt the bright-line *McHaffie* rule to prohibit such evidence where employers have admitted respondeat superior liability.

¶23 Much like the South Carolina Supreme Court, "we think the argument that an independent cause of action against an employer must be precluded to protect the jury from considering prejudicial evidence presumes too much." *James*, 661 S.E.2d at 331. "Our court system relies on the trial court to determine when relevant evidence is inadmissible because its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." *Id.* We agree with the *James* court that in most instances the best course is to rely on our district courts' discretion to determine whether evidence should be admitted.

¶24 Utah Rule of Evidence 403 permits a court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Unlike the courts that embrace the *McHaffie* rule, we prefer a system that permits a district court to review the specific items of evidence in context to decide whether rule 403 should prevent their admission. Adopting the *McHaffie* rule would, in essence, take away a district court's discretion. We do not think we can accurately predict that the

evidence needed to prove a negligent employment claim will always flunk the rule 403 balancing test. Instead, we leave the evidentiary concerns Nebo presents to the district court to consider under the bounds of the Utah Rules of Evidence.[3]

¶25 All that having been said, we ultimately reject the *McHaffie* rule for an even more basic reason: it is incompatible with Utah's Liability Reform Act. The Act provides that "[a] person seeking recovery may recover from any defendant or group of defendants whose fault, combined with the fault of persons immune from suit and nonparties to whom fault is allocated, exceeds the fault of the person seeking recovery." UTAH CODE § 78B-5-818(2). And the trial court may, at any party's request, direct a jury to determine the "percentage or proportion of fault attributable to each person seeking recovery, to each defendant, to any person immune from suit, and to any other person . . . for whom there is a factual and legal basis to allocate fault." *Id.*[4]

¶26 Ramon has alleged that the accident was caused in part by Nebo's own negligence in failing to properly screen, train, discipline, and supervise Ludlow. Utah law recognizes the tort of negligent employment, *see, e.g.*, *J.H.*, 840 P.2d at 123–26, and that provides a legal basis to allocate fault for the accident to the school district. That any fault attributable to Ludlow may pass through to Nebo under principles of respondeat superior does not alter the fact that there exists a factual and legal basis to allocate fault for the accident to both Nebo and Ludlow. Under the Act's plain language, Ramon is entitled to request that the jury determine the proportion of fault attributable to Ludlow's negligence in driving and Nebo's negligence in its supervision of Ludlow.[5]

---

[3] We note that this case comes to us without any specific evidence being placed before the court. If the probative value of that evidence is substantially outweighed by a danger of unfair prejudice, the district court may exclude it. UTAH R. EVID. 403.

[4] "Fault" is "any actionable breach of legal duty, act, or omission proximately causing or contributing to injury or damages sustained by a person seeking recovery, including negligence in all its degrees, [and] comparative negligence . . . ." UTAH CODE § 78B-5-817(2).

[5] Nebo also argues that the Act does not apply to respondeat superior claims "because those claims do not depend on any showing of fault by the party subject to such liability." (quoting *M.J.*

(continued …)

¶27 Nebo pushes back, arguing that the jury might wind up assigning more fault to the combination of Nebo and Ludlow than the jury would if it was only asked to consider the fault of Ramon and Ludlow. This may or may not be so.[6] But even if Nebo has correctly handicapped the jury's behavior, that result is what the Act envisions. The statute allows a plaintiff, or a defendant, to ask the jury to apportion fault to anyone a party identifies as being legally responsible for the injury.[7] As we recognized in *J.H.*, there exists a

---

*v. Wisan*, 2016 UT 13, ¶ 36, 371 P.3d 21). True, but Nebo's argument doesn't speak to the relevant question. Respondeat superior kicks in after the jury has allocated fault. At that point, respondeat superior will require Nebo to shoulder the share of the damages attributable to Ludlow's fault in causing the accident. Nothing in the Act allows Nebo to use respondeat superior as an off-ramp from having fault apportioned to it directly for its own negligent acts.

[6] It is worth noting that Nebo's argument is premised on the assumption that the jury will start by assigning a portion of fault to Ludlow and allocate the rest to Ramon. This permits Nebo to conclude that if its negligent employment is included in the calculus, any fault allocated to it will necessarily come from what the jury would have otherwise attributed to Ramon. This assumption is faulty, because the jury could just as easily start with Ramon's own fault and attribute the rest to Ludlow. In that scenario, the addition of Nebo's own negligence means that the amount of fault assigned to Ludlow alone would be the same amount assigned to the combination of Ludlow and Nebo.

[7] To be clear, we are not suggesting that a separate theory of liability against Nebo increases the amount of damages Ramon could recover. Ultimately, Ramon's damages will be the losses he can convince a jury he suffered because of the accident. But we reject the argument that because a separate theory of liability against Nebo cannot increase the amount of damages Ramon suffered in the accident, a jury cannot consider that theory of liability and assign fault accordingly. And we reject the related argument that because Nebo concedes that it will ultimately be financially responsible for any damages, Ramon loses the ability to ask the jury to apportion fault between Nebo and Ludlow. As explained above, the Act does not support that conclusion. There are good reasons why the legislature might want a jury to apportion fault between responsible parties, even if it does not impact the amount of damages the

(continued …)

legal basis to hold Nebo liable for its own role in continuing to entrust a school bus to Ludlow. The Act allows Ramon to ask a fact finder to allocate fault accordingly.

## CONCLUSION

¶28    We affirm the district court's conclusion that Nebo timely moved for judgment on the pleadings. But we reverse the district court's dismissal of Ramon's negligent employment claim. We reject the bright-line approach some other jurisdictions employ to bar negligent employment claims where an employer has admitted that it is financially responsible for its employee's liability. We remand for further proceedings.

――――――――

plaintiff can recover. For example, fault allocation can shine a light on negligent practices and promote corrective behavior. Moreover, the rule Nebo advocates might distort the fault allocation in cases where more than the employer and employee are alleged to have contributed to the accident.