NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

SHEROLD D. ROAF, *Plaintiff/Appellee,*

*v.*

STEPHEN S. REBUCK CONSULTING, LLC, et al., *Defendants/Appellants.*

No. 1 CA-CV 22-0620
FILED 8-08-2023

Appeal from the Superior Court in Maricopa County
No.  CV2019-003654
The Honorable Timothy J. Thomason, Judge

**AFFIRMED**

COUNSEL

Phillips Law Group, PC, Phoenix
By Timothy G. Tonkin, Steven J. Jones
*Co-Counsel for Plaintiff/Appellee*

Ahwatukee Legal Office, PC, Phoenix
By David L. Abney
*Co-Counsel for Plaintiff/Appellee*

Doyle Hernandez Millam, Phoenix
By William H. Doyle, Brandon D. Millam
*Counsel for Defendants/Appellants*

_____

**MEMORANDUM DECISION**

Judge Angela K. Paton delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge D. Steven Williams joined.

_____

**P A T O N**, Judge:

¶1         Stephen S. Rebuck Consulting, LLC, Medstar Medical Transport, LLC ("Medstar"), and Francisco Ortiz (collectively "Defendants") appeal a jury verdict in favor of Sherold D. Roaf.  We affirm.

## FACTS AND PROCEDURAL HISTORY

¶2         In January 2018, while employed as a driver for Medstar, Ortiz rear-ended Roaf's car.  In July 2019, Roaf sued Ortiz and Medstar, alleging that Medstar was vicariously liable for Ortiz's negligence and directly liable for negligently hiring, retaining, or supervising him.  Roaf sought seventeen million dollars in compensatory damages.  He alleged that his economic damages—the actual costs associated with his injuries— were four million dollars, and his non-economic damages—such as for pain and suffering—were nine million dollars.  He did not seek punitive damages.

¶3         In November 2020, Defendants admitted Ortiz was negligent and caused the accident, and that Medstar was vicariously liable for Ortiz's negligence.  Defendants filed a motion in limine, arguing that Roaf's negligent hiring claim against Medstar was confusing, cumulative, and unnecessary because Ortiz admitted he caused the accident and Medstar assumed liability for Ortiz's negligence.  Defendants asked the court to preclude Roaf from presenting Ortiz's employment file and driving record to the jury and argued that any evidence relating to fault was irrelevant because "Defendants agree they are 100% at fault."  The superior court denied Medstar's motion in limine and ruled that Roaf could pursue both direct negligence and vicarious liability claims against Medstar at trial.

¶4         On the first day of trial in April 2022, the superior court explained to the jury that: (1) Ortiz admitted fault for the accident, (2) Medstar admitted it was responsible for Ortiz's negligence, and (3) the parties disagreed on the extent of Roaf's damages.  During opening statement, Roaf told the jury that because "the liability phase" of trial was

"taken care of" by Defendants' stipulations, the jury should focus on calculating Roaf's damages.

¶5            At the close of evidence, the court told the parties it wanted to discuss Roaf's negligent hiring claim, despite having already ruled on the issue and permitting both claims to go forward in July 2021. Medstar renewed its objection and argued Roaf's negligent hiring claim should be precluded. The court ruled from the bench that it would allow the claim to go to the jury. In response to the court's ruling, Medstar admitted to negligently hiring Ortiz, stating that doing so would ensure the jury was focused on assessing Roaf's damages rather than establishing fault.

¶6            Roaf asked the court to give the jury a single verdict form with two blank spaces—one indicating total damages and one allocating fault between Ortiz and Medstar. Medstar objected to the fault allocation instruction, again arguing that asking the jury to apportion fault was inappropriate because fault was no longer at issue after Medstar admitted to negligently hiring Ortiz. The court accepted Roaf's proposed verdict form and instructed the jury to determine Roaf's damages and allocate fault between Ortiz in connection with the accident and Medstar in connection with negligent hiring.

¶7            The jury allocated 60% fault to Medstar, 40% fault to Ortiz, and awarded Roaf $4,625,000 in damages. Defendants moved for a new trial, arguing the verdict form improperly asked the jury to allocate fault between Medstar and Ortiz, when Medstar had assumed liability for Roaf's damages. The superior court denied the motion, and Defendants timely appealed. We have jurisdiction under Arizona Revised Statutes ("A.R.S.") Section 12-2101(A)(5)(a).

**DISCUSSION**

I.    **Defendants have failed to show the superior court committed prejudicial error by permitting Roaf to proceed against Medstar on separate claims of negligent hiring and vicarious liability.**

¶8            Defendants argue that the superior court erred by submitting the negligent hiring claim to the jury after Medstar assumed liability for Roaf's injuries. Defendants urge us to follow courts in other jurisdictions that have adopted the "*McHaffie* rule," which does not allow a plaintiff to bring both direct and vicarious liability claims against a tortfeasor's employer when the employer has admitted vicarious liability for the tortfeasor's negligence. *See, e.g.*, *McHaffie ex rel. McHaffie v. Bunch*, 891

S.W.2d 822 (Mo. 1995); *Gant v. L.U. Transp., Inc.* 770 N.E.2d 1155 (Ill. 2002); *Loom Craft Carpet Mills, v. Gorrell*, 823 S.W.2d 431 (Tex. App. 1992).

**¶9** Roaf, on the other hand, asks us to reject the *McHaffie* rule. In support of his argument, he cites cases from jurisdictions that permit plaintiffs to pursue both claims simultaneously. Those cases generally reason that direct and vicarious negligence claims are independent causes of action seeking to address distinct wrongs. *See, e.g., Ramon v. Nebo Sch. Dist.*, 493 P.3d 613 (Utah 2021); *MV Transp., v. Allgeier*, 433 S.W.3d 324, 336 (Ky. 2014); *James v. Kelly Trucking Co.*, 661 S.E.2d 329 (S.C. 2008); *Poplin v. Bestway Express*, 286 F. Supp. 2d 1316 (M.D. Ala. 2003).

**¶10** Arizona has neither adopted nor rejected the *McHaffie* rule, and we need not decide whether the superior court erred by rejecting the *McHaffie* rule here because Defendants have not shown that any alleged error prejudiced them. Medstar assumed liability for 100% of Roaf's damages resulting from the accident, irrespective of its direct liability for negligently hiring Ortiz. Thus, if the jury awarded Roaf any damages, Medstar was going to pay 100% of them.

**¶11** At trial, the parties and court repeatedly told the jury that the only dispute at issue was the extent of Roaf's damages. *Supra* ¶ 4. The final jury instructions correctly listed the elements of damages and instructed the jury to consider: (1) the nature, extent, and duration of Roaf's injuries, (2) his past and future pain and suffering, (3) the cost of his past and future medical care, (4) his lost wages, (5) any decrease in his future earning capacity, and (6) his loss of enjoyment after the accident. Even if the court erred by admitting Ortiz's driving record and employment record as evidence relevant to Roaf's negligent hiring claim, any error was harmless because it went to the uncontested issue of fault and had no bearing on damages. *See Golonka v. General Motors*, 204 Ariz. 575, 583, ¶ 21 (App. 2003) (We presume juries follow instructions.). Medstar has failed to show prejudicial error.

## II. The jury's damages award was supported by the evidence.

**¶12** Medstar argues the superior court abused its discretion by permitting an expert to testify without foundation that Roaf would incur $4,543,735 in future medical costs. We will "uphold a general verdict if evidence on any one count, issue or theory sustains the verdict." *Murcott v. Best W. Int'l*, 198 Ariz. 349, 361, ¶ 64 (App. 2000).

**¶13** Even if the court erred by permitting Roaf's expert to testify as to future damages, any error was harmless because even without the

contested testimony, the record contains sufficient evidence to support the jury's award of $4,625,000. Roaf argued he incurred nine million dollars in pain and suffering damages. Roaf's "life care plan" expert, Dr. Orlowski, testified without objection that Roaf's "future wage loss" was between 2.5–3.5 million dollars. Dr. Orlowski also testified that Roaf's costs for future household services would be $302,000. Even excluding the contested future medical cost testimony, Roaf presented evidence of over thirteen million dollars in damages. Medstar did not request a special interrogatory or verdict form requiring the jury to specify which category of damages it awarded and has not shown that the future medical expense testimony, even if improperly admitted, affected the jury's verdict. As a result, we must affirm the jury's award.

## CONCLUSION

¶14        We affirm.

